# Illinois Automobile Insurance Exchange *v.* Braun et al., Appellants.

*Principal and surety—Subrogation—Release of surety—Waiver —Insurance — Settlement — Acquiescence — Costs — Expense — Counsel fees.*

1. Where a loss partially covered by insurance is occasioned by a wrongdoer, the insurer, after paying the insurance, is, in a proper case, entitled to be subrogated quoad hoc to the right of the insured against the wrongdoer.

2. Where a policy insuring a truck provides that, on payment of "loss, damage or expense," the insurer shall be subrogated to all the rights of the insured against any person as "respects such loss, damage or expense to the amount of such judgment," the insured cannot settle with one causing him loss, except with the acquiescence of insurer, without putting in peril his status with the latter.

3. Where in such case the truck is lost by a railroad company, and the insured sues on the policy, the insurer, and the railroad company for loss of the truck and its contents, and the insurer pays a judgment rendered against it, but refuses to agree to pay counsel fees and expenses in the pending suit against the railroad, such refusal cannot be deemed a waiver of the subrogation agreement.

4. Where the parties insured settle with the railroad company before trial, for an amount much less than the insurance, without the knowledge or consent of the insurer, they cannot set up, in a suit against them by the insurer to recover back the amount paid, that the insurer had not paid the costs in the suit against itself until after the settlement with the railroad company, if it appears that no demand was made against it for payment of such costs as a con-

dition precedent to proceeding with the suit against the railroad company.

5. Assuming that costs were comprehended in the word "expense," in the subrogation clause, and that the insurer had failed to pay them, this might have affected the amount as to which its subrogation rights existed but not the existence of the right.

6. The fact that the insured's suit against the railroad company included a claim for other damages than those covered by the policy did not defeat the insurer's right to recover back the moneys which it had paid to the insured.

7. In such case the insurer was entitled to recover the entire amount it had paid to the insured without deduction of any kind for counsel fees or expenses in the litigation against itself.

8. The insured cannot claim that the only sum which the insured was entitled to recover was such amount as had been received by them from the insurer and the railroad company in excess of the amount of the loss after allowing the expenses of the litigation.

9. What a party has to expend in the securing of a judgment is never regarded as something to be added to that which is recovered.

Argued April 21, 1924. Appeal, No. 25, Jan. T., 1925, by defendants, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 2759, on verdict for plaintiffs, in case of Illinois Automobile Insurance Exchange v. Nickolaus Braun and Joseph Siegl, trading as Braun & Siegl. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover back money paid for loss of truck. Before FERGUSON, J.

The paper, referred to in the opinion, which was signed by the attorneys for appellants and appellee at the time the verdict recovered by appellants was paid, was as follows:

"Philadelphia, June 12, 1922.

"Received of Johnson, Gilkyson & Freeman defendant's check in the above matter in the sum of $2,794, being the amount of the verdict rendered for plaintiffs in the above case.

"An order to satisfy the judgment is given to Johnson, Gilkyson & Freeman, with the understanding that same shall remain in their possession and shall not be used until the court costs due in the above case by defendant are paid.

"Plaintiffs above named have instituted an action in trespass against the Baltimore & Ohio Railroad Company in the District Court of the United States for the Eastern District of Pennsylvania, as of September Session, 1921, No. 8722. Plaintiffs have in said last named suit already expended the sum of $130.00, exclusive of counsel fees. Defendant above named, an insurance exchange, insured the truck which was damaged in the collision with the railroad train, which collision forms the basis for said last named suit in the District Court. It is agreed that if plaintiffs recover a verdict and receive payment thereof in said suit against the railroad company, that the Illinois Automobile Insurance Exchange shall receive out of the money so recovered from said railroad company by plaintiffs the amount of the judgment in C. P. No. 4 paid by the insurance exchange to plaintiffs, subject to the conditions hereinafter set forth.

"The insurance exchange agrees to advance to Braun & Siegl the sum of $130.00, being expenses to date incurred in plaintiffs' suit against the B. & O. Railroad, exclusive of counsel fee. In the event that said suit be won, the first $1000 recovered is to go toward costs and then toward counsel fee. The balance is to go to the insurance exchange up to the amount paid by them in the C. P. No. 4 suit. The remainder is to go to Braun & Siegl. If no recovery is had against the B. & O. Railroad the insurance exchange is to pay two-thirds of a reasonable counsel fee, which fee shall not exceed $500.

"Plaintiffs above named will render all reasonable assistance to their counsel in said suit in the District Court.

"G. Von Phul Jones, Attorney for Braun & Siegl.

"Approved by—Johnson, Gilkyson & Freeman
                    By Paul Freeman.

"Subject to Confirmation of Illinois Auto Ins. Exchange."

This paper was not signed by the Insurance Exchange. It was offered in evidence on the trial, but not admitted.

Other facts appear by the opinion of the Supreme Court.

Judgment on directed verdict for plaintiff for $2,-767.02. Defendants appealed.

*Error assigned* was direction for plaintiff, quoting record.

*G. Von Phul Jones,* with him *Owen J. Roberts,* for appellants.—There was no right of subrogation: Forest Oil Co.'s App., 118 Pa. 138.

Assuming that plaintiff had a right of subrogation, it waived such right by its actions.

Assuming there was a right of subrogation, there was no right to recover the amount of the verdict previously paid: Nat. F. Ins. Co. v. McLaren, 12 Ont. Rep. 682; Shawnee Ins. Co. v. Cosgrove, 85 Kans. 296.

Plaintiff cannot recover money paid by it and due on a judgment because of an alleged subsequent violation of its rights: Finnell v. Brew, 81 Pa. 362; Herring v. Adams, 5 W. & S. 459.

*Francis Chapman,* with him *Thomas E. Comber, Jr.,* for appellee.—Where a creditor has the means of compelling payment from the principal debtor, and by his own act gives it up, he thereby discharges the surety, and if the surety has paid the loss to the creditor he is entitled to recover the moneys paid: Highlands v. Fire Ins. Co., 203 Pa. 134; Cathcart's App., 13 Pa. 416, 420; Holt v. Bodey, 18 Pa. 207, 212; Templeton v. Shakley, 107 Pa. 370; Niagara Fire Ins. Co. v. Fidelity, etc., Co., 123 Pa. 516; Fidelity T. & T. v. Gas Co., 150 Pa. 8; Darrell v. Tibbitts, 2 Q. B. 560; West of England Fire Ins. Co. v. Isaacs, 1 Q. B. 226.

OPINION BY MR. JUSTICE SCHAFFER, May 19, 1924:

Defendants appeal from a judgment obtained in an action brought by the Illinois Automobile Insurance Exchange to recover back the amount it had paid to them for the loss of a truck destroyed in a collision with a train of the Baltimore & Ohio Railroad Company. The trial judge gave binding instructions in plaintiff's favor.

Following the loss of the truck, suits were simultaneously brought against the insurance exchange and the railroad company. The exchange defended the action brought against it, on the ground, that the policy was void, because the insured had violated a provision forbidding the transportation of intoxicating liquor in the truck. The trial of that issue resulted in a verdict against the insurance exchange, the amount of which it subsequently paid to appellants. The suit brought against the railroad company comprehended not only a claim for damage done to the truck, but in addition, for the destruction of its contents; so far as the latter was concerned, the policy did not cover it.

The subrogation clause reads: "Upon the payment of loss, damage and/or expense under this policy, the exchange shall be subrogated to all rights of the assured against any person, firm or corporation, as respects such loss, damage and/or expense to the amount of such payment and the assured shall execute all papers required and shall coöperate with the exchange to secure the exchange such rights."

After appellants had been paid the amount of their recovery against the insurance exchange, they proceeded with the suit against the railroad company. Although the exchange knew this action was pending, it was not aware of any negotiations for settlement between the insured and the railroad company. Prior to trial and without notice to or the acquiescence of the exchange, the action was settled for $750. The insured received that sum and a verdict was rendered by agreement in favor of the railroad company. Upon learning of the

outcome of this litigation, the appellee brought this action against appellants to recover the amount paid on the policy, and acting under the court's instructions, the jury found against them.

Had the insured made settlement with the railroad company before claiming from their insurer, they could not have compelled the latter to respond (Niagara Fire Ins. Co. v. Fidelity, etc., Co., 123 Pa. 516; Highlands v. Cumberland Valley Farmers' Mutual Fire Ins. Co., 203 Pa. 134), and it is difficult to state a satisfying reason why, having without the acquiescence of the exchange released the tort feasor, which caused the loss, after receiving the insurer's money, they should be in better case than they would have been had the release been before receiving the money, as they have put it beyond the power of the insurer to obtain anything from the causer of the loss.

Appellants contend there is no right of subrogation because the property covered by the policy and that represented in the suit against the railroad company was not the same. We are not impressed with this argument, first, for the reason that when appellants received the exchange's money, they recognized its right to be subrogated to the amount paid, by a paper signed by their attorney, stating the terms on which they would prosecute the suit against the railroad company, which terms were not satisfactory to the exchange, and, secondly, because, when they settled with the railroad company, no separation of the items of damage was made and therefore the part of the gross sum representing loss on the truck could not be ascertained. Appellants could not be permitted to jeopard appellee's position by mixing up the claims and making a lump settlement and then set up this as a reason against appellee's recovery. "Where a loss partially covered by insurance is occasioned by a wrongdoer, the insurer, after paying the insurance, is in a proper case entitled to be subrogated

quoad hoc to the right of the insured against the wrong-doer": Joyce, Law of Insurance, vol. 5, page 5915.

Another position assumed by appellants is that the subrogation agreement was waived by the exchange. We have searched the record in vain for any evidence of this. It could not be successfully claimed that it did so merely because of the refusal to sign the paper tendered to it when it paid the verdict secured by appellants, as that writing substituted new conditions not in the policy, fixing the amount of counsel fees and costs which should be paid to appellants' counsel for the prosecution of the suit against the railroad company. Instead of the insurer having waived its right to subrogation, the real situation is that appellants, without notice and in breach of the terms of the policy, settled with the tort feasor. Under conditions such as those contained in the policy before us, an insured cannot settle with the one causing him loss, except with the acquiescence of the insurance company without putting in peril his status with the latter.

A further contention of appellant is that the exchange had not complied with the terms of the subrogation provision of the policy in the respect that it had not paid the costs of their suit against it at the time settlement was made with the railroad company. Sufficient answer to this position is to state that when the money was paid over by the exchange in settlement of the loss, no demand was made by appellants for the payment of the costs as a condition precedent to proceeding with the suit against the railroad company. They could not remain silent as to this demand, proffer to go ahead with the recovery against the railroad company, surreptitiously settle with it and then use the nonpayment of costs as a means of defeating any recovery from them by the insurer. The costs were paid to appellants' counsel shortly after the settlement with the railroad company, and if they had not been, under the circumstances here appearing, the only part they could play in the contro-

versy would be as a credit to be claimed by appellants against the full demand of the appellee. Under the words of the policy, the insurer was to be subrogated to all rights of the insured "to the amount of such payment [of loss, damage and/or expense]." Assuming that costs are comprehended in the word "expense," had the exchange failed to pay them, this might have affected the amount as to which its subrogation rights existed but not the existence of the right. The fact that the costs were not paid until after the settlement with the railroad company should not affect the insurer's right to subrogation. The proposition submitted to the exchange by appellants clearly recognizes this right. Even assuming that the costs should have been paid before the insurer's right of subrogation could be said to be perfected, the conduct of the insured showed that the liability for costs was agreed upon only as something which the insurer should pay before its judgment was marked satisfied, and not something required to be paid before the right to subrogation was complete. Our conclusion on this branch of the case is that the appellee was entitled to maintain this action against appellants, that there had been no waiver of its right to subrogation, that the fact of the suit against the railroad company including a claim for other damages than those covered by the policy does not defeat appellee's right, and that the failure to pay the costs until after the settlement does not stand in the way of recovery.

We then come to the further question in the case: What amount was the appellee entitled to recover? The court below held it was entitled to receive the entire amount it had paid to appellants without deduction of any kind. This we think was correct. Appellants argue that the only sum which appellee is entitled to recover from them is such amount as has been received by them from the insurer and the wrongdoer in excess of the amount of their loss after allowing them the expenses of litigation, citing Ætna Ins. Co. v. Confer, 158 Pa. 598,

and cases from other jurisdictions, and they set up that their loss was greater than the sum received by them from both sources. While it is true the amount claimed from the railroad company was greater than the total they received from both, they did not test out what their full loss was by pressing the suit against the railroad company to verdict and therefore cannot avail themselves of the principle they seek to invoke. The clause in the policy expressly provides that the insurer is to be subrogated to the amount of its payment under the policy; this provision fixes the sum to which it is entitled even though the insured had suffered a loss over and above that which was covered by the insurance. All that was decided in Ætna Ins. Co. v. Confer, supra, was that an affidavit of defense to an action by an insurance company to recover money it had paid on a loss under its policy was sufficient which averred that the insured had requested the plaintiff to join in the litigation against the railroad company which had caused the loss, but that the plaintiff had refused to have anything to do with the matter, and had assured the defendant that he was welcome to all that he could recover from the railroad company, with the further averment that the loss suffered was greater than the sum of the amounts paid by the insurance company and the railroad company after deducting expenses for collection. It would never do in administering such an equitable doctrine as subrogation to permit the insured to defeat recovery of any sum from him by his insurer merely by making claim as to his total loss without having his loss ascertained.

Appellants were not entitled to have deducted from the amount to be recovered from them the counsel fees and expenses they had paid in the litigation against the exchange. They made offers of proof to show what these fees and expenses amounted to, but the offers were rejected by the trial judge. What a party has to expend in the securing of a judgment is never regarded as something to be added to that which is recovered. Even

technical costs were not recoverable at common law; they are solely the creature of statute. There being no statute, or part of the contract which covers such expenses, the insured is not entitled to them. If the principle were once established that in order to assert its right under a subrogation clause an insurance company would have to pay the counsel fees involved in a recovery against it, insurance companies would be deterred from contesting fraudulent claims and the whole insurance situation might again become involved in chicanery, which it has been the established policy of the law to avoid.

Appellants also sought to introduce evidence to show what expenses they had been put to in connection with their litigation against the railroad company for the purpose of establishing their expenses in that suit as an offset to part of appellee's claim. We think the court below properly excluded this testimony. Appellants, having settled that case without the knowledge or acquiescence of appellee and to its possible disadvantage, cannot set up anything resulting from it in mitigation of their liability.

Our determination that plaintiff is entitled to recover the entire amount paid by it to defendants is in harmony with that recently arrived at by the Superior Court in Manley v. Montgomery Bus Co., 82 Pa. Superior Ct. 530, where the action of the lower court in dismissing a petition for subrogation was reversed. In that proceeding, before the case against the tort-feasor came to trial, the insured entered into an agreement with it for a discontinuance or abandonment of so much of the claim as related to the automobile which had been covered by the insurance policy. This was done without the knowledge of the insurer. At the trial, a verdict was recovered for personal injuries received and the insurance company sought to be subrogated in that recovery to the amount it had paid on the policy. The Superior Court said: "A contract of insurance is a contract of indemnity and,

from its nature, the insurer, after paying to the insured the amount of a loss on a policy, is entitled to be subrogated in a like amount to the insured's right of action against the wrongdoer.....He [the insured] had notice of the relation of the insurer to the case through his subrogation assignment. It was not his right therefore to barter away or to give away the demand of the insurance company through him on the bus company. Two actions could not be brought on the claim set up by Manley against the defendant. When he released the bus company from liability for damage to the automobile and proceeded to final judgment for the balance of the claim, he put it out of the power of the insurance company to assert its right in an action. He is not in a situation therefore to complain when the insurer insists on having the subrogation assignment made effective by payment to the company of the amount which he agreed that company should be entitled to out of any action which he might successfully prosecute against the party primarily liable for the loss......He ought 'not to be heard to assert his own wrong against the insurer in aid of his relief in the present proceeding."

The assignments of error are overruled and the judgment is affirmed.