IOWA NATIONAL MUTUAL INSURANCE COMPANY, a Corporation,

*Plaintiff and Appellant*

vs.

ALBERT H. HUNTLEY, individually and as Administrator of the Estate of Signe Caroline Huntley, Deceased,

*Defendants and Respondents.*

(No. 2812; July 22nd, 1958; 328 Pac. (2d) 569)

For the plaintiff and appellant the cause was submitted upon the brief and also oral argument of William A. Riner of Cheyenne, Wyoming.

For the defendants and respondents the cause was

submitted upon the brief and also oral argument of Vincent A. Ross of Cheyenne, Wyoming.

Heard before Blume, C.J., and Harnsberger and Parker, J.J.

## OPINION

Mr. Chief Justice BLUME delivered the opinion of the court.

This is a suit by an insurance company to recover the amount paid by it as an insurer, the money having been received from a tort-feasor by the administrator.

On October 30, 1951, the plaintiff, Iowa National Mutual Insurance Company, insured in favor of Signe Caroline Huntley a Lincoln automobile against damage by collision with other vehicles, Mrs. Huntley owning the automobile. In the early part of 1952, Huntley and his wife were involved in an accident in Nebraska, the automobile colliding with a truck of the Snowden Transfer Company, hereinafter named as the tortfeasor. Mrs. Huntley died as a result of the collision and Albert H. Huntley, her husband, was appointed administrator of her estate. The plaintiff, called insurer herein, paid to the defendent Huntley as administrator the sum of $1425 as damages resulting from the collision, and at that time Huntley agreed with the Iowa National Mutual Insurance Company that the company should be subrogated to the rights of the administrator against third parties, the subrogation reading in part as follows:

"* * * I hereby subrogate and assign to the IOWA NATIONAL MUTUAL INSURANCE CO. my rights and causes of action that I have against any other person or corporation whomsoever for that amount of damage only paid by said IOWA NATIONAL MUTUAL INSURANCE CO. arising out of or incident to loss or damage of said automobile."

Mr. W. K. Woodson as attorney for the administrator commenced two actions in the District Court of the United States for the Western District of Nebraska. One of those actions was brought on behalf of the administrator and in that suit the administrator claimed damages of $20,000 on account of the death of Mrs. Huntley and also damages for $1500 on account of damage to the automobile in question herein. The other suit was brought by Albert H. Huntley individu-

ally on account of injuries sustained in the collision above mentioned. On February 3, 1953, the actions above mentioned were settled. That brought by Albert H. Huntley personally was settled for $2250. Since that action has no bearing in this case, we need not specifically refer to it again. On the same day it was stipulated that the court should enter judgment in favor of the administrator in the sum of $2000. On February 6, 1953, the administrator also stipulated as follows:

"Albert H. Huntley, Administrator of the Estate of Signe Caroline Huntley, deceased, plaintiff in the above case, does hereby acknowledge receipt of payment in full to him of the sum of $2,000.00 and the costs expended by him in the above action in full and complete satisfaction of the judgment entered herein on the 3rd day of February, 1953; and does hereby authorize and direct the Clerk of this Court to release and satisfy said judgment of record."

On February 3, 1953, a judgment was entered as follows:

"On this 3rd day of February, 1953, upon stipulation of the parties filed herein, a jury trial having been waived, it is hereby ordered, adjudged and decreed by the court that the plaintiff have and recover from the defendants and each of them the sum of Two Thousand Dollars ($2,000.00) and that the costs herein be taxed to the defendants. No attorneys docket fee shall be taxed."

Mr. Welch, agent of the plaintiff herein, had negotiations with W. K. Woodson, attorney for the administrator, and, according to him, he directed and asked Mr. Woodson to include the rights of the plaintiff as subrogee in the action to be brought by Mr. Woodson on behalf of the administrator in the district court above mentioned. Mr. Woodson testified that

on account of some conflict arising between the administrator and the subrogee he would not undertake to represent the subrogee in the action above mentioned. He did, however, as above mentioned, embrace in the petition filed in the Nebraska court a claim for $1500 on account of damage to the automobile as already above mentioned. He further testified that so far as the action by the administrator was concerned the settlement hereafter mentioned only included the damages for the death of the deceased and did not include the damages to the property herein involved, but the stipulations and judgment show the contrary. It is clear herein that while the plaintiff in this case knew of the action brought or to be brought by the administrator in the Nebraska court, it did not have any knowledge of any settlement that was made by the administrator and the tort-feasor. Soon after the settlement was actually made, Mr. Welch received notice of the settlement of the case and called Mr. Woodson on the telephone. Mr. Welch testified in that connection as follows:

"Q. What was said in that telephone conversation between yourself and Mr. Woodson? A. I told Mr. Woodson that I understood that the cases were settled for $4,250, not $2,000, and he explained that he meant that the $2,000 was just in the Huntley estate, and that the $4,250 was the total settlement. I told him he should not have made this settlement without some authority from the insurance company with respect to their claim, and I told him that the company expected to be reimbursed the full amount of their claim. He stated that he thought that since the settlement was so small, that the company would not be interested in participating in it, and I told him that he had absolutely no right to assume any such thing. I further told him that as an attorney he had an obligation to the Iowa National Mutual Insurance Company, since he was actually representing them in this litigation."

This conversation was not denied by Mr. Woodson. On February 11, 1953, Mr. Woodson wrote to Mr. Welch the following letter:

"Mr. Harry L. Welch
Gross, Welch, Vinardi & Kauffman, Attorneys
Farm Credit Building
Omaha 2, Nebraska

"Re: Uzzell, et al v. Huntley, et al.

"Dear Mr. Welch:

"Thank you very much for your letter of February 10th. We did instigate a case in Nebraska on behalf of the Estate of Signe Caroline Huntley in which we asked $20000 for the wrongful death and $1500 for the loss of the car, (as you will recall it was owned by Mrs. Huntley).

"This action was compromised February 3 with the Estate receiving the sum of $2,000. We have been waiting for your company's local agent, C. N. Bell, to recover from an operation so that we can talk to him before contacting you on this matter. However, we did not believe your company would insist upon participating in the settlement inasmuch as the policy holder did not receive much from the case.
"We will appreciate it if you will advise us as to what position the company will take in this matter.

"Sincerely yours,
"[signed] W. K. Woodson
"W. K. Woodson"

On the same day of the telephone conversation between Mr. Welch and Mr. Woodson heretofore mentioned, Mr. Woodson wrote a letter to Mr. Welch reading as follows:

"February 13, 1953

"Mr. Harry L. Welch

Gross, Welch, Vinardi, & Kauffman, Attorneys
Farm Credit Building
Omaha 2, Nebraska

"Dear Mr. Welch:

"In response to your telephone call of this date concerning the Huntley cases, I have been unable to contact Mr. Huntley thus far. However, I will probably be able to see him tomorrow.

"I thought, however, I would send you the following information. Mr. Huntley, as you will recall, recovered the sum of $4,250.00 from his two suits against the Snowden Trucking Company, together with $74.00 court costs. The expenses of the suit totaled $1,227.-45, leaving a balance of $3,196.55. Mr. Huntley's actual out-of-pocket expenses totaled $2,277.75. In addition to the loss of his wife and his pain and suffering, if this sum is deducted from the balance, Mr. Huntley would have $818.80 to compensate him for the last two mentioned items.

"I will appreciate it if you will contact your company and advise them of these figures so that we may attempt to reach some sort of a compromise on the amount your company would be willing to accept under its subrogation.

"Sincerely yours,

"[signed] W. K. Woodson

"W. K. Woodson'"

On March 5, 1953, Mr. Woodson wrote a letter to Mr. Welch attempting to settle the claim of plaintiff herein for the sum of $142.06:

"Mr. Harry L. Welch, Attorney-at-Law
Gross, Welch, Vinardi & Kauffman
Farm Credit Building
Omaha 2, Nebraska

"Dear Mr. Welch:

"We have contacted Mr. Huntley again concerning the subrogation rights of your company on the settlement of the cases against Snowden. Mr. Huntley is of the opinion that the company is not entitled to participate. We have attempted to change his mind and I think we

could do so on the basis that the company participate according to its percentage.

"As you know, suit was brought on behalf of the estate for the sum of $21500.00, $1500.00 of which represented the claim for the loss of the car. Mr. Huntley's personal suit was for $11,793.00. Your company's percentage of the total demanded in the suits is .047. Multiplying the total recovery, $4,250, by this percentage would give your company $199.75 of the gross amount. The expenses of suit, of course, should also be shared. These were $1,227.45. Multiplying this figure by the same percentage, we arrive at $57.69. Subtracting the cost of suit percentage from the recovery percentage would give your company $142.06.

"Please advise me as to your company's position on this matter and we will attempt to convince Huntley to pay this sum.

"Sincerely yours,

"[signed] W. K. Woodson

"W. K. Woodson"

The trial court entered judgment herein against the plaintiff and in favor of the defendants, and from that judgment the Iowa National Mutual Insurance Company, the plaintiff herein, has appealed to this court.

Counsel for the defendants contends, first, that the cause of action for the destruction of the automobile is intact in favor of the plaintiff as against the tort-feasor and that it can now bring an action against the latter; second, that there is a conflict in the evidence as to whether or not counsel for the defendants in this action against the tort-feasor undertook to protect the interests of the plaintiff in this case and that the court resolved that conflict in favor of the defendants and so the judgment cannot be disturbed. Unfortunately

counsel for the defendants has not cited a single authority for his position. It is hard for us to understand why he has not done so.

We shall first consider the first of these propositions. We think the cause of action against the tortfeasor herein was properly brought in the name of Huntley, as administrator. At common law the rule was that a suit to enforce the insurer's right must be brought in the name of the insured and not in the name of the insurer; but under statutes which require that an action must be brought in the name of the real party in interest, it is permissible or necessary that the insurer should bring an action against the tort-feasor if the insurance covered the total loss of the insured. City of New York Ins. Co. v. Tice, 159 Kans. 176, 152 P.2d 836, 157 A.L.R. 1233. If, however, the insurance covers only a portion of the loss as in the case at bar then, at least according to the weight of authority, the common law rule still applies and the action must be brought in the name of the insured. Annotations on the subject are contained in 96 A.L.R. 879, 881, and 157 A.L.R. 1251, 1252. While some cases seem to hold that the insurer should be made a party, the weight of authority seems to be as above mentioned. A good discussion on the subject is contained in Farmers Ins. Exchange v. Arlt, N.D., 61 N.W.2d 429, and see Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236, and Smith v. Pate, 246 N.C. 63, 97 S.E.2d 457. No one in this case has questioned the right of the administrator for the insured to bring the action against the tort-feasor so we need not pursue that subject further.

Damage to the automobile involved in this case and damage for personal injury constituted but a single wrong, and by the weight of authority recovery for

both damages must be obtained, if at all, in one action. Thus it is said in Annotation, 64 A.L.R. 663:

"The rule followed in a majority of the states is that a single wrongful or negligent act or omission causing an injury to both the person and the property of the same individual, constitutes but one cause of action with separate items of damage; hence the cause of action cannot be split, and a recovery of a judgment for either items of damage may be pleaded in bar of an action to recover for the other item of damage."

Some decisions from some fifteen states are cited. Later decisions sustain this annotation in cases in which part of the damage has been insured. Thus it is held in Mills v. De Wees, 141 W.Va. 782, 93 S.E.2d 484, 485, that judgment for personal injury bars an action for property damage sustained in the same collision. In Levitt v. Simco Sales Service of Penna., Del., Supra 135 A.2d 910, it is held that a judgment for property damage bars an action for personal injury. In Hilley v. Blue Ridge Ins. Co., 235 N.C. 544, 70 S.E.2d 570, 38 A.L.R.2d 1090, it is held that when an insured settles with the tort-feasor the action by the insurer is destroyed. The case of Farmers Ins. Exchange v. Arlt, supra, was an action brought by insured against the claimed tort-feasor. The plaintiff was defeated in that action and it was held that the rights of the insurer against the claimed tort-feasor were destroyed. The court quotes at 61 N.W.2d 438 from the case of Carr v. Preslar, 73 S.D. 610, 47 N.W. 2d 497, 500, where the court stated:

" 'Another universally accepted principle of the doctrine of res judicata is that a single or entire cause of action cannot be split so as to constitute the basis of more than one suit, and that recovery on any part of such an entire claim merges the whole and bars another action to recover the residue.' "

A number of cases are cited. It is clear, accordingly, that the first contention of counsel for the defendants herein cannot be sustained and that the plaintiff in this case has now no cause of action against the tort-feasor which caused the damage involved herein.

We shall now refer to the second contention, namely that Woodson did not represent the insurer in the suit in the federal court. The letters of Woodson show the contrary. Furthermore, he put the damages for the automobile in issue in the suit involved in that court. By doing so, he represented the insurer as trustee to the extent of $1425 paid by the insurance company, and it was not his privilege to become false to his trust. It is said in the Annotation in 140 A.L.R. 1241, 1246, as follows:

"The cases involving the question of the right of an insurance company which has paid a claim for property damage to an insured automobile to share, under principles of subrogation, in the proceeds of a recovery against or settlement with the tort-feasor in favor of the insured are unanimous in upholding the right of the insurer so to share. * * * in the absence of proof so showing, the recovery will be presumed to include the full amount of the property damage and the insurer must be permitted to recover the full amount paid by it under the policy * * *, less any expenses incurred by the insured in securing the recovery against the wrongdoer."

In the case of Noma Electric Corp. v. Fidelity & Deposit Co. of Maryland, 201 Md. 407, 94 A.2d 277, 279, 35 A.L.R.2d 1117, it was held that the insured is not at liberty to settle in advance the whole claim, including the portion to which the surety would be equitably entitled, without the consent of the insurer. In the case of Manley v. Montgomery Bus Co., 82 Pa.Super. Ct. 530, it is held that an insurance company which under its contract is entitled to be subrogated to the

rights of the insured in the event of payment on its policy is entitled to participate in any amount recovered by the insured in an action growing out of the collision. In such case if the insured has voluntarily waived the claim for damages to the automobile covered by the insurance, the insurance company can be reimbursed from the amount recovered for personal injuries. That is almost the exact situation in this case under the evidence of Mr. Woodson. The court said in that case at page 533:

"* * * The action was single—the measure of damage was to be estimated according to the whole of the plaintiff's injury. That injury arose from the collision and it was the duty of the plaintiff to prosecute the case as well for the insurance company as for himself. He had notice of the relation of the insurer to the case through his subrogation assignment. It was not his right therefore to barter away or to give away the demand of the insurance company through him on the Bus Company. Two actions could not be brought on the claim set up by Manley against the defendant. When he released the Bus Company from liability for damage to the automobile and proceeded to final judgment for the balance of the claim, he put it out of the power of the insurance company to assert its right in an action. * * *"

In the case of Hayward v. State Farm Mut. Automobile Ins. Co., 212 Minn 500, 4 N.W.2d 316, 140 A.L.R. 1236, it was held that the wrongdoer may not be subjected to two actions on a single cause of action for injury to person and damage to property although the insurer is subrogated to the latter but not to the former element of the cause of action; that the insured, having undertaken the management of the entire case, was obligated to represent the insurer as trustee and to submit evidence as to the value of the automobile involved in that case. It was his burden

to protect the interest of his cestui que trust. In the case of Horse, Carriage & General Ins. Co. v. Petch (1916) 33 Times LR (Eng) 131, 132, it was held in an action brought for the recovery of personal injury as well as property damage that the insured had no right to compromise the suit in such a way as to deprive the insurer of the right of subrogation. The court said, "If the defendant settled an action which he had no right to settle the plaintiffs [insurer] were entitled to treat him as having settled for the full amount." In the case of Illinois Automobile Ins. Exch. v. Braun, 280 Pa. 550, 124 A. 691, 692, 36 A.L.R. 1262, the insurer, although it knew of the pending of an action for personal injury and property damage, did not know of the negotiations for settlement by the insured. A settlement was made for a gross sum. The items were not seperated and the court held that, "Appellants could not be permitted to jeopard appellee's position by mixing up the claims and make a lump settlement and then set up this as a reason against appellee's recovery from them." In North River Insurance Co. v. McKenzie, 261 Ala. 353, 74 So.2d 599, 605, 51 A.L.R.2d 687, it was held that a contract of insurance is merely a contract of indemnity and from its nature, insurer, after paying its insured the amount of loss covered by the policy, is entitled to be subrogated in like amount to insure its right of action against the wrongdoer. The case reviews at length the Minnesota and Pennsylvania cases heretofore mentioned and concludes, "In our opinion, the equitable reasoning of Hayward v. State Farm Mut. Automobile Ins. Co., supra, and Illinois Automobile Ins. Exch. v. Braun, supra, should be followed in this state." See also General Exchange Ins. Corporation v. Driscoll, 315 Mass. 360, 52 N.E.2d 970, which is reviewed in Annotation, 166 A.L.R. 871, 872.

In the Pennsylvania case above mentioned, the court

held that the insured was not entitled to deduct from the amount recovered any attorney's fee or expenses. We hardly think that to be just. It is said in Annotation, 36 A.L.R. 1267, 1270:

"The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself."

Furthermore, Welch agreed that an attorney's fee should be paid.

The judgment of the district court is accordingly reversed with direction to render a judgment against the defendants in favor of the plaintiff in the amount of $1425 less the amount which the trial court may find as the proper proportion of attorney's fee which the insurer should pay for recovering the foregoing sum, in accordance with the rule above mentioned.

Reversed with Direction.