Joe GARDNER, d/b/a Ranger Motel Company, Appellant (Plaintiff below),

v.

John WALKER, d/b/a General Welding and Iron Works, and Jess Coffman, Appellees (Defendants below).

No. 3067.

Supreme Court of Wyoming.

July 31, 1962.

W. A. Swainson, of Swainson & Swainson, Cheyenne, for appellant.

Maxwell E. Osborn, of Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves an action brought by Joe Gardner, owner of a building located at 1611 Dillon Avenue, Cheyenne, Wyoming, against John Walker to recover for a fire loss. Walker was operating a welding business in the building, and Gardner's suit is based upon a claim that one of Walker's employees, while welding a trailer hitch on an automobile, negligently caused a fire which damaged Gardner's building.

The case was tried by the court without a jury, and judgment was entered generally in favor of the defendant, John Walker, and against the plaintiff, Joe Gardner. In appealing to this court, Gardner claims that the trial court's ruling is contrary to the evidence and to the law. This claim is predicated on the theory that the undisputed facts in the case are such as to call for the application of the doctrine of res ipsa loquitur with respect to Walker's responsibility for the fire.

Counsel for Walker directs our attention to the testimony of Gardner, owner of the damaged building. This testimony discloses without contradiction that all of the repair bills for which suit has been brought were paid for by Gardner's insurance company. Counsel therefore suggests that the insurance company and not Gardner is the real party in interest, and that the suit, if brought at all, should have been brought by the insurance company.

Rule 17(a), Wyoming Rules of Civil Procedure, provides that "Every action shall be prosecuted in the name of the real party in interest." Certain exceptions are set out in the rule, but they are not applicable to the case before us. The quoted portion was adopted from the federal rule. However, prior to its adoption we had a similar statutory provision in § 3-601, W.C.S., 1945.

Unfortunately, there is nothing in the record to indicate that the trial court's attention was directed to the fact that Gardner was not the real pary in interest, and the judgment does not show that plaintiff's complaint was dismissed for that reason. If there had been a motion to dismiss on the ground that the insurer and not the insured was in the instant case the proper party-plaintiff, it would have afforded an opportunity for Gardner's attorney to answer the contention or to show special circumstances, if any, justifying the suit in Gardner's name.

We are very reluctant to consider matters raised for the first time in this court and ordinarily we will not do so. However, in the case at bar we are confronted with a question of jurisdiction, and we have no alternative but to pass upon it. Wilson v. Gibbes Machinery Co., 189 S.C. 426, 1 S.E.2d 490, 492; 67 C.J.S. Parties § 10, pp. 909–910. The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion. 3 Am.Jur., Appeal and Error, § 839, p. 383.

As stated by Chief Justice Marshall in Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 846, 6 L.Ed. 204, 230, a denial of jurisdiction forbids all inquiry into the nature of the case. In modern day practice we think it is quite universally accepted that an appellate jurisdictional question may be raised at any time, or it may be considered even though not raised by the parties. Atlantic Coast Line Railroad Company v. Boone, Fla., 85 So.2d 834, 838, 57 A.L.R.2d 1186. It may in fact be said that it is the duty of the court to determine from the record whether or not it has jurisdiction. 2 Am.Jur., Appeal and Error, § 15, p. 855.

Turning then to a consideration as to whether Gardner or his insurance company is the real party in interest in the case before us, it seems to be clear that the rule at common law was that the insurer's right to subrogation must be enforced in the name of the insured or in the name of the insured for the benefit of insurer. 46 C.J.S. Insurance § 1209, p. 169, and § 1215, p. 189. However, under a statute providing that an action must be prosecuted in the name of the real party in interest, insurer may enforce in its own name its right to subrogation against a person responsible for the loss paid by insurer, and it has been held that the insurer's right of action in such a case is exclusive where the loss has been fully covered. 46 C.J.S. Insurance § 1209, pp. 170 and 171.

What we are saying has already been recognized by this court in the case of Iowa National Mutual Insurance Company v. Huntley, 78 Wyo. 380, 328 P.2d 569, 572–573, wherein the following summary was made:

"At common law the rule was that a suit to enforce the insurer's right must be brought in the name of the insured and not in the name of the insurer; but under statutes which require that an action must be brought in the name of the real party in interest, it is permissible or necessary that the insurer should bring an action against the tortfeasor if the insurance covered the total loss of the insured. * * * If, however, the insurance covers only a portion of the loss as in the case at bar then, at least according to the weight of authority, the common law rule still applies and the action must be brought in the name of insured. * * * *"

The record as brought to us in the instant case discloses that Gardner's total loss was covered and that he was paid in full by the insurance company. If Rule 17(a) means what its clear language says, it means that any action to recover from Walker for the loss paid by the insurer would have to be prosecuted in the name of insurer as the real party in interest. We find the weight of authority to support this conclusion in cases where an insurer has paid the entire loss to the insured and where there is a statute or rule of procedure similar to ours. This is especially true of cases decided under the federal rule from which our Rule 17(a) has been taken. See 2 Barron & Holtzoff, Federal Practice & Procedure, § 482, p. 19 (1960).

If a judgment given can be sustained on any theory, it may be affirmed. Peterson v. Johnson, 46 Wyo. 473, 28 P.2d 487, 489, 91 A.L.R. 723. Accordingly, the action of the district court in dismissing the complaint of the plaintiff, Joe Gardner, should be affirmed for the reason that Gardner was not the real party in interest.

Affirmed.