2007 WY 163

**Kimberly K. RAGSDALE, Appellant (Cross–Claim Plaintiff),**

v.

**HARTFORD UNDERWRITERS INSURANCE COMPANY, Appellee (Cross–Claim Defendant).**

**No. 06–130.**

Supreme Court of Wyoming.

Oct. 17, 2007.

Representing Appellant: Ronald E. Triggs of the Law Office of Ronald E. Triggs, PC, Cheyenne, Wyoming.

Representing Appellee: Scott P. Klosterman of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Kimberly Ragsdale was involved in an automobile accident with an uninsured motorist. At the time of the accident, Ragsdale was covered under a personal automobile insurance policy issued by The Hartford Underwriters Insurance Company. Ragsdale received $45,000 from The Hartford for her bodily injury and uninsured motorist claim under the policy and another $30,000 from a settlement with a third party in an independent suit arising out of the accident. The Hartford asserted a subrogation claim for the entire $30,000 settlement amount. Ragsdale objected, and the instant action ensued. The district court granted summary judgment to The Hartford on its subrogation claim, awarding The Hartford the entire $30,000.

[¶ 2] After the summary judgment order was entered, Ragsdale filed what she titled a "Motion to Alter or Amend Pursuant to Rule 59(e), W.R.C.P."[1] In the motion Ragsdale argued the district court had misconstrued the law in refusing to allow her to at least retain the reasonable litigation expenses she incurred in generating the $30,000 settlement proceeds. The district court denied her motion. Ragsdale then appealed both the grant of summary judgment in favor of The Hartford and the denial of her "Motion to Alter or Amend."

[¶ 3] This Court finds Ragsdale's "Motion to Alter or Amend" did not comply with W.R.C.P. 59(e). Consequently, the motion did not toll the time for filing the notice of appeal. Ragsdale's delay in filing her notice of appeal until after the entry of the order denying her "Motion to Alter or Amend" resulted in her notice of appeal not being filed within thirty (30) days of the entry of the appealable order—the order granting summary judgment to The Hartford—as required by W.R.A.P. 2.01(a).[2] The failure to timely file a notice of appeal deprives this Court of jurisdiction to hear the

---

1. W.R.C.P. 59(e) states:

    (e) *Motion to Alter or Amend Judgment.*—Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

2. Rule 2.01(a) states in pertinent part:

    (a) An appeal from a trial court to an appellate court shall be taken by filing the notice of appeal with the clerk of the trial court within 30 days from entry of the appealable order....

appeal. W.R.A.P. 1.03.[3] Because this Court never acquired jurisdiction over this appeal, this appeal is dismissed.

## DISCUSSION

[¶ 4] This Court is obligated to ensure it has jurisdiction over every appeal coming before it. *Birkle v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2007 WY 9, ¶ 2, 150 P.3d 187, 189 (Wyo.2007); *Plymale v. Donnelly*, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006); *Paxton Resources, L.L.C. v. Brannaman*, 2004 WY 93, ¶ 17, 95 P.3d 796, 802 (Wyo.2004). In this appeal, the decisive issue is the categorization of Ragsdale's "Motion to Alter or Amend." With the exception of motions denominated as motions for reconsideration, which are automatically void, this Court looks to the substance of a motion in order to determine the appropriateness of the motion. *See Plymale*, ¶ 6, 125 P.3d at 1024; *Morehouse v. Morehouse*, 959 P.2d 179 (Wyo. 1998); *Sherman v. Rose*, 943 P.2d 719, 721 (Wyo.1997).

[¶ 5] As noted above, in her "Motion to Alter or Amend" Ragsdale requested the district court alter or amend its order on summary judgment to reflect that she was entitled to retain out of the $30,000 settlement funds reasonable expenses incurred in prosecuting her claim against the third party. A Rule 59(e) motion is only appropriate if one of three grounds exists: 1) the availability of new evidence not previously available; 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice. *Dudley v. Franklin*, 983 P.2d 1223, 1227 (Wyo.1999); *Morehouse* 959 P.2d at 181; *Sherman*, 943 P.2d at 721. It is not a mechanism to relitigate issues that the court has already decided, nor should parties make additional arguments which should have been made before judgment. *Sherman*, 943 P.2d at 721.

[¶ 6] The record reveals that Ragsdale presented to the district court the same argument as she presented in her "Motion to Alter or Amend" in both her memorandum of

law in opposition to The Hartford's motion for summary judgment and during oral argument at the hearing on the same. The main case relied upon by Ragsdale in her "Motion to Alter or Amend" is *Iowa Nat'l Mut. Ins. Co. v. Huntley*, 78 Wyo. 380, 328 P.2d 569 (Wyo.1958), in which this Court, in granting a subrogation claim but allowing the insured to retain reasonable costs of litigation, stated:

> In the Pennsylvania case above mentioned [*Illinois Automobile Ins. Exch. v. Braun*, 280 Pa. 550, 124 A. 691, 692, 36 A.L.R. 1262 (Pa.1924) ], the court held that the insured was not entitled to deduct from the amount recovered any attorney's fee or expenses. We hardly think that to be just. It is said in Annotation, 36 A.L.R. 1267, 1270:
>
> > The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself.
>
> Furthermore, Welch [the agent of the insurance company] agreed that an attorney's fee should be paid.

*Huntley*, 78 Wyo. at 394–95, 328 P.2d at 575. In her memorandum of law in opposition to The Hartford's motion for summary judgment, Ragsdale stated:

> Assuming *arguendo* that the Hartford is entitled to a subrogation for amounts it paid to Ragsdale, those amounts must be reduced by attorney fees, costs and disbursements. The Hartford is not entitled to 100% reimbursement.
>
> Since 1958, the Wyoming Supreme Court has adopted the rule that, "... the insured may retain out of the fund recovered from the wrongdoer, after the payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being al-

---

3. Rule 1.03 states in pertinent part:

The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional.

lowed to reimburse himself," *Iowa Nat'l Mutual Ins. Co. v. Huntley*, [78 Wyo. 380] 328 P.2d 569 (Wyo.1958), at 395 [328 P.2d 569][sic], citing Annotation, 36 A.L.R. 1267, 1270 . . . . This is the lead case in Wyoming on this issue and has not been overturned in the last 47 years.

Memorandum at 16–17. At the hearing on The Hartford's motion for summary judgment, Ragsdale's attorney argued:

Moreover, Your Honor, there is clear law that this Court has applied many times in my experience that deals with the requirements of the *Iowa Mutual Insurance Company* [sic] case. A subrogor cannot recover more than they are [sic] insured recovers. Their insured recovers a dollar amount less the attorney's fees, costs, and disbursements.

■ [¶ 7] As is obvious, what Ragsdale titled a Rule 59(e) motion was nothing more than a motion to reconsider. "When a motion to alter or amend a judgment does not articulate a new ground which could not have been brought during the action and upon which the trial court should utter a different ruling, then it is, in essence, a motion to reconsider." *Morehouse*, 959 P.2d at 181. Motions to reconsider are not recognized in Wyoming. *Plymale*, ¶ 5, 125 P.3d at 1023–24 (motions for reconsideration are nullities).

[¶ 8] Needless to say, the void motion did not toll the time for appeal. Thus, Ragsdale was required to file her notice of appeal within thirty (30) days of the entry of the order granting summary judgment to The Hartford. That order was entered on February 8, 2006. The notice of appeal was filed on March 31, 2006, fifty-one days later. Because Ragsdale failed to properly invoke the jurisdiction of this Court, this appeal is dismissed.