2011 WY 71

**In the Matter of the ESTATE OF Helen Isabel NIELSEN, a/k/a Helen I. Nielsen, a/k/a Helen Nielsen, Deceased.**

**Paul D. Mathewson, Appellant (Objector),**

**v.**

**The Estate of Helen Isabel Nielsen, a/k/a Helen I. Nielsen, a/k/a Helen Nielsen, Deceased, Appellee (Petitioner).**

**No. S–10–0200.**

Supreme Court of Wyoming.

April 25, 2011.

Representing Appellant: Paul D. Mathewson, pro se.

Representing Appellee: Edward G. Luhm, Worland, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   Paul Mathewson (Grandson) objected to an application for summary distribution of his grandmother Helen Nielsen's estate. The district court overruled Grandson's objection and granted summary judgment to the applicants. After the district court denied Grandson's motion for a new trial, he appealed. We conclude that Grandson's motion for a new trial was actually a void motion for reconsideration, rendering his notice of appeal untimely. This Court, therefore, has no jurisdiction to consider his appeal.

## ISSUE

[¶ 2]   The dispositive issue is whether Grandson's notice of appeal was timely, thereby conferring jurisdiction on this Court.

## FACTS

[¶ 3]   Helen Nielsen died testate on May 29, 2008. She owned a mobile home and real property in Thermopolis, Wyoming. Ms. Nielsen's will devised all of her personal property to her daughter, Ember Mathewson (Daughter) and the remainder of her estate to her three children, Gerald Brotherston, Dennis Nielsen and Daughter, in equal parts. The will also appointed Daughter as "Executrix." Grandson is Daughter's child.

[¶ 4]   It is unclear what happened with Ms. Nielsen's estate, but prior to a final distribution, both Daughter and Mr. Brotherston died. Daughter and her husband, Kenton Mathewson, were residents of Washington and had, in 2007, executed a community property agreement which declared all of their property and any property later acquired by either of them to be community property and "upon the death of either of us, title to all community property as defined in the preceding paragraph is to vest immediately in fee simple in the survivor."

[¶ 5] After Daughter's and Mr. Brotherston's deaths, Mr. Nielsen, Mr. Brotherston's heirs and Kenton Mathewson (applicants) filed an application for decree of distribution under the summary procedures applicable to estates valued at less than $150,000. Wyo. Stat. Ann. §§ 2–1–201 through 205 (LexisNexis 2009). The application indicated that the only assets of the estate were the real property and mobile home, and they had been appraised at $51,000. Kenton Mathewson claimed Daughter's share of Ms. Nielsen's estate under the terms of the community property agreement. Grandson filed an objection, claiming that under Wyoming law he was a rightful heir to Daughter's estate and Ms. Nielsen's property was not governed by the community property agreement because Ms. Nielsen's estate had not been probated or distributed at the time of Daughter's death. The applicants filed a response to Grandson's objection and requested summary judgment on the issue of whether or not the community property agreement applied to the Thermopolis property and a decree ordering distribution of the estate property.

[¶ 6] The district court held a hearing and, on May 20, 2010, entered an order granting summary judgment and a decree of distribution in favor of the applicants. The district court concluded that the community property agreement applied to the Thermopolis property and distributed Daughter's share to her husband, Kenton Mathewson.

[¶ 7] Although Grandson had been represented by counsel during the summary judgment proceedings, he filed a *pro se* motion for a new trial on May 28, 2010. His stated bases for the new trial motion were:

1. Judge erred in not granting request for additional hearing to provide testimony of witnesses, additional proof of ownership interests and intent, audio recordings documents and probate.

2. Judge erred in not ordering Probate. Distribution by Affidavit and Summary Procedure is illegal in said case per Wyoming Law.
   WS 2–1–201(a)(i) Probate code
   The value of entire estate exceeds 150,000 dollars. Check Exhibit A.

WS 2–1–201(a)(iii) Probate code
   Ember Mathewson was named in will and appointed Personal Representative of estate and retained Jerry Williams for Probate. –note—Judge Skar stated in court "Mrs. Mathewson obviously wanted husband to receive all of her Hiers [sic] inheritense [sic], because she signed a community property agreement". Well, she did not sign an order or statement for Estate to be distributed by Affidavit and Summary Procedure and for her son, Paul Mathewson, not to attain ownership of property if she died before Probate. "Obviously". The court is not a two way street, subject to a Judges whimsey [sic].

WS 2–1–201(a)(iv) Probate code
   Claiming distributee Kenton Mathewson is not entitled to payment or delivery of property. Paul and Richard Mathewson have rights of distributees, per Wyoming law, as direct descendants.

WS 2–1–205 Probate code
   Notice by publication was not made for Helen Isabel Nielsen.

3. Attorney for Objectee [sic] (Paul Mathewson) was inefficient; Did not introduce evidence or witnesses that had been provided.

4. No new representative was appointed by court after Executors [sic] death, as per Wyoming Law.

5. Slayer, Kenton Mathewson, cannot benefit from slayee's, Ember Mathewson, estate, per Wyoming Law. Ember's death is still under investigation due to circumstances.

6. Error by court, in that Community Property Agreement does not encompass after death, as decedent has no future and Wyoming laws do not recognize step-fathers or husbands of Hiers [sic] as an Hier [sic].

[¶ 8] Grandson's Exhibit A was an unsigned and unverified list of assets that he apparently claimed should have been included in the Nielsen estate and would have disqualified it from summary distribution. The list stated:

1. $40,000 cash in bank
2. $30,000 cash left in home
3. $17,000 in bonds
4. $10,500 in uncashed ssi checks
5. $6,000 received in estate sale
6. 2 vehicles valued at $5,000
7. Property valued at $60,000
8. Life insurance value?
9. And this is just what I personally know of and can be verified by other parties

[¶ 9]   Grandson amended his motion for a new trial on July 28, 2010, by requesting a stay of execution of the summary judgment and decree of distribution; arguing that the community property agreement was not valid in Wyoming because it was not properly witnessed in accordance with Wyoming will execution laws; moving "the court approve appeal to Supreme Court for a ruling as to the issue of who the Heirs are ...;" and requesting that the court vacate the summary judgment order.

[¶ 10]   The district court held a hearing on August 2, 2010, and ordered the applicants' attorney to "provide to the Court in writing a list of assets which had belonged to the deceased and which have been distributed or transferred out of the state of Wyoming." The applicants objected to the order, arguing that "the Court does not have jurisdiction to make such order and that [Grandson] did not seek any such order." Nevertheless, the applicants provided an accounting on August 19, 2010, which indicated that Ms. Nielsen's bank accounts were not part of the estate because they were co-owned with Daughter and passed by operation of law upon death, other personal property items had apparently been disposed of by Daughter prior to her death, the cash referenced in Grandson's Exhibit A was not located in the house and a few old Social Security checks, totaling $2,600, had been reissued and the funds were used to pay attorney fees. The district court did not rule on the applicants' accounting and, instead, on the same day (August 19, 2010) entered an order denying Grandson's motion for a new trial. Grandson filed a notice of appeal on August 30, 2010.

## DISCUSSION

[¶ 11]   Although neither party to this appeal raised the issue of jurisdiction, this Court has a duty to determine whether it has jurisdiction to entertain an appeal. *Plymale v. Donnelly*, 2006 WY 3, ¶ 4, 125 P.3d 1022, 1023 (Wyo.2006). The existence of jurisdiction is a question of law and our review is *de novo*. *Brown v. City of Casper*, 2011 WY 35, ¶ 8, 248 P.3d 1136, * * * P.3d * * * (Wyo.2011). This Court's jurisdiction is limited to appeals from final, appealable orders. *Plymale*, ¶ 4, 125 P.3d at 1023. *See also*, W.R.A.P. 1.04(a) and 1.05. W.R.A.P. 2.01 requires that a notice of appeal be filed within 30 days from entry of an appealable order.

[¶ 12]   Only proper post-judgment motions toll the time for filing an appeal. *Ragsdale v. Hartford Underwriters Ins. Co.*, 2007 WY 163, ¶ 3, 169 P.3d 78, 79–80 (Wyo. 2007). Motions for reconsideration are not allowed by our court rules and do not toll the time for filing an appeal. *Plymale*, ¶ 7, 125 P.3d at 1024; *Ragsdale*, ¶ 8, 169 P.3d at 81. A post-judgment motion which is otherwise titled but, in actuality, only requests reconsideration of the district court's judgment will be considered an improper motion for reconsideration and will not toll the time for filing a notice of appeal. *Id.*, ¶¶ 7–8, 169 P.3d at 81. This Court looks to the substance of a post-judgment motion to determine its appropriateness. *Id.*, ¶ 4, 169 P.3d at 80.

[¶ 13]   Grandson filed a motion for a new trial pursuant to W.R.C.P. 59. Rule 59 articulates the following grounds for a new trial:

(a) Grounds.—A new trial may be granted to all or any of the parties, and on all or part of the issues. On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes:

(1) Irregularity in the proceedings of the court, jury, referee, master or prevail-

ing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial;

    (2) Misconduct of the jury or prevailing party;

    (3) Accident or surprise, which ordinary prudence could not have guarded against;

    (4) Excessive damages appearing to have been given under the influence of passion or prejudice;

    (5) Error in the assessment of the amount of recovery, whether too large or too small;

    (6) That the verdict, report or decision is not sustained by sufficient evidence or is contrary to law;

    (7) Newly discovered evidence, material for the party applying, which the party could not, with reasonable diligence, have discovered and produced at the trial;

    (8) Error of law occurring at the trial.

Rule 59(a) presupposes that the district court conducted a trial, and the grounds upon which a new trial may be granted all pertain to irregularities in the trial proceedings or errors committed at trial. There was no trial in this case; the district court decided the case on summary judgment. Thus, a motion for a new trial was not appropriate.

[¶ 14] Giving Grandson the benefit of the doubt, we conclude that he may have intended to file a motion to alter or amend the judgment pursuant to W.R.C.P. 59(e). Our case law is clear with regard to the bases for altering or amending a judgment.

> A Rule 59(e) motion is only appropriate if one of three grounds exists: 1) the availability of new evidence not previously available; 2) an intervening change in controlling law, or 3) the need to correct a clear error of law or to prevent manifest injustice.

*Ragsdale,* ¶ 5, 169 P.3d at 80.

[¶ 15] The majority of Grandson's complaints were based upon perceived violations of the Wyoming probate code and the efficacy of the community property agreement.

He did not indicate that there was an intervening change in controlling law nor did he demonstrate a need to correct a clear error of law or prevent manifest injustice. He did introduce "evidence" that was not presented to the district court during the summary judgment proceeding; however, there was absolutely no indication that this evidence was not previously available.

[¶ 16] We will not separately address each of Grandson's claims, but it is helpful to provide a couple of illustrations. He claimed that the estate should not have been settled by summary disposition because it was valued at more than $150,000. During the time relevant to this matter, sections 2–1–201 through 205 provided a summary procedure for distribution if the value of the entire estate did not exceed $150,000.[1] That law did not change during the time between the judgment and Grandson's new trial motion and he made no showing that the evidence pertaining to the value of the estate could not have been provided during the summary judgment proceeding. Similarly, Grandson's arguments with regard to the efficacy of the community property agreement were simply a rehash of the arguments presented in opposition to the applicants' motion for summary judgment.

[¶ 17] A motion to alter or amend a judgment "is not a mechanism to relitigate issues that the court has already decided, nor should parties make additional arguments which should have been made before judgment." *Ragsdale,* ¶ 5, 169 P.3d at 80. Grandson did not present any valid reason to alter or amend the judgment; he was simply seeking reconsideration of the district court's summary judgment order. As such, his Rule 59 motion was actually a motion for reconsideration and did not toll the time for appealing from the district court's order granting summary judgment and distributing the estate assets. The summary judgment order was entered on May 20, 2010. Grandson's August 30, 2010, notice of appeal was untimely under W.R.A.P 2.01 because it was not

---

1.  The legislature amended the relevant statutes, effective July 1, 2011, to allow summary distribution if the entire value of the estate located in

Wyoming or subject to probate administration in this state does not exceed $200,000. 2011 Wyo. Sess. Laws, Ch. 58 (S.F.68).

filed within 30 days after entry of a final appealable order.

[¶ 18]    Appeal dismissed.