Joseph A. MARI, Appellant (Plaintiff),

v.

Eula Mae GREEN, Appellee
(Defendant).

No. 88-258.

Supreme Court of Wyoming.

Jan. 9, 1989.

C.M. Aron of Aron and Hennig, Laramie, for appellant.

Gregg E. Kay, First Asst. Atty. Gen., Denver, Colo., for appellee.

Before CARDINE, C.J., and
THOMAS, URBIGKIT, MACY and
GOLDEN, JJ.

PER CURIAM.

As accurately related to the litigants in opinion letter by the Wyoming district judge:

> Joseph A. Mari (plaintiff [and present appellant]) was divorced from his wife pursuant to a decree entered in Logan County, Colorado.
>
> Pursuant to a property division order in that divorce action, plaintiff was ordered to execute a deed to his wife on property located in Carbon County, Wyoming. Plaintiff failed to execute the deed within the specified time, whereupon the Colorado court ordered the Logan County Clerk of Court, Eula Mae Green (defendant [and present appellee]), to execute the deed on plaintiff's behalf.
>
> Plaintiff now complains against the defendant in Carbon County, Wyoming, by way of this action claiming the defendant's action of executing the deed (subsequently filed in Carbon County) granted the court personal jurisdiction over defendant. * * *
>
> Defendant Green, a Clerk of Court in Logan County, Colorado, was *ordered* by the District Court in Logan County, Colorado, to execute the deed as a Court Commissioner. There ends her involvement in this matter.
>
> Contrary to the criteria set forth in *Anderson v. Perry*, 667 P.2d 1155 (Wyo. 1983), defendant did not purposefully avail herself the privilege of acting in Wyoming, nor did her activities have substantial enough connection with the forum state to make the exercise of jurisdiction over defendant reasonable.
>
> This was a simple and isolated act thrust upon the defendant; it was not a voluntary undertaking.
>
> It was, in fact, plaintiff's refusal to comply with an order issued by the Colorado Court (who had in person[a]m jurisdiction over plaintiff) which resulted in the subsequent order appointing defendant as a court commissioner for the purpose of executing the deed. [Emphasis in original.]

We concur with the decision of the district court that there is no personal jurisdiction over the appellee, Eula Mae Green, by

virtue of her exercise of responsibilities as directed by the district court in Logan County, Colorado to execute a deed as a court commissioner.[1] *Markby v. St. Anthony Hosp. Systems,* 647 P.2d 1068 (Wyo. 1982).

The court finds that the original proceedings lacked merit, and that pursuant to W.R.A.P. 10.05 as entitled Costs and Penalties on Affirmance, there additionally is no reasonable cause for this appeal. Consequently, attorney fees as additional costs will be taxed in the amount of One Thousand Dollars ($1,000.00) to be payable to the office of the Attorney General of the State of Colorado.

AFFIRMED.

**1.** Similarly emplaced as other bases for this decision are judicial immunity (*Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331, reh'g denied 436 U.S. 951, 98 S.Ct. 2862, 56 L.Ed.2d 795 (1978); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3rd Cir.), cert. denied, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969)) and res judicata (U.S. Const. art. IV, § 1; *Barrett v. Town of Guernsey,* 652 P.2d 395, 398 (Wyo. 1982)). It is noteworthy that appellant also appealed his earlier divorce decision in the State of Colorado and that appeal did not include a challenge to the jurisdiction of the divorce court against which he now attempts this collateral attack.

Docket entries for the Colorado proceeding, as well as the minimum justification which can be accorded this present proceeding, provide some validity to the comment of the Colorado Court of Appeals in, *In Re the Marriage of Mari,* No. 87CA0357 at 3 (Colo.App.1988) (not published), which stated:

Husband also contends that the trial court erred by failing to award him maintenance, because his health and personality problems prevented him from finding and holding a job. We disagree.

Here, there is evidence to support the trial court's finding that the husband's health problems did not restrict him from gainful employment. Furthermore, although the evidence established that the husband had a disagreeable personality, there is also evidence that he chose to be disagreeable. Just as unemployment based solely on disinclination to work does not mandate an award of maintenance, the court need not award maintenance where the party's unemployment is the result of a voluntary refusal to get along with people.