Joseph A. MARI, Appellant
(Defendant),

v.

The RAWLINS NATIONAL BANK OF
RAWLINS, Wyoming, Appellee
(Plaintiff).

No. 89–192.

Supreme Court of Wyoming.

June 4, 1990.

C.M. Aron and Patricia Simpson of Aron & Hennig, Laramie, for appellant.

Wade E. Waldrip of Williams, Kelly & Waldrip, Rawlins; David D. Uchner and Carole Shotwell, Cheyenne, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

Judicial restraint requires this court to address the question of whether the issues asserted in this appeal have become moot to the end that any resolution of those argued issues would constitute an advisory opinion only. In his appeal, Joseph A. Mari (Mari) asserts error in the granting of summary judgment with respect to several claims that he set forth in an amended counterclaim in an action to recover a judgment on a promissory note and to foreclose the mortgage securing the note. After the pleadings of the parties were filed and the summary judgment had been entered on the amended counterclaim, Mari's interest in the property, which was the subject of the foreclosure action, was transferred to his wife by virtue of a divorce decree in the state of Colorado. We are satisfied that the transfer of Mari's interest in the property mooted his contentions of wrongful foreclosure that serve as the foundation for the several claims asserted in his amended counterclaim. Because the issues now are moot, we dismiss this appeal without resolving the asserted questions of law presented by the parties. The effect of our

dismissal of this appeal is that the trial court's dismissal of the action, which caused its order granting the summary judgment to become final, must stand.

In presenting his appeal, Mari urged the following issues in his brief:

"1. Is a promissory note ambiguous where the amount payable is stated as two different amounts, in three places, to wit:

"(a) The debtor owes 120 payments of $288.00 each, which totals $34,560.00; and,

"(b) The total payments due under the note are $34,560.00; and,

"(c) The debtor owes $25,000.00 plus 9¾% interest for 10 years, 'when the entire unpaid balance shall become due and payable,' such that the stated interest rate would not amortize the debt without a balloon payment at the end of the $34,560.00 in scheduled payments, yet the note makes no mention of such a balloon payment?

"2. In a dispute over payment of a promissory note, is the amount due and owing a material fact under Rule 56, W.R.C.P.?"

Responding as appellee, the Rawlins National Bank (Bank), rephrased Mari's contentions in this way:

"A. Is the following language contained in a promissory note on a commercial loan ambiguous?

"Principal and interest payable in equal monthly installments of $288.00 each, to be applied first to interest and the balance to principal, commencing September 10, 1975, and continuing on the same day of each succeeding month thereafter until August 10, 1985, when the entire unpaid balance shall become due and payable.

"B. Did the district court properly grant summary judgment in this case?"

The events that culminated in this case began on August 27, 1975. On that day, Mari, a resident of Colorado, obtained a commercial loan from the bank to finance the purchase of certain Wyoming real property to be owned jointly by Mari and his wife. Mari executed a promissory note in the amount of $25,000 with interest accruing at the rate of 9¾% per year. This note was secured by a mortgage on the property which was executed by both Mari and Mrs. Mari even though she was not a party to the loan.

The issues Mari endeavors to present evolve out of the terms relating to the note, which was drafted by the bank, as they appear on the face of the note:

"Borrower agrees to pay this note as follows: Principal and interest payable in equal monthly installments of $288.00 each, to be applied first to interest and the balance to principal, commencing September 10, 1975 and continuing on the same day of each succeeding month thereafter until August 10, 1985, when the entire unpaid balance shall become due and payable."

Identical language is included in the mortgage documents.

The note contains the following summary of the transaction, but this information is not included in the mortgage:

| | | |
|---|---|---|
| "1. Proceeds | | $25,000.00 |
| 2. Other Charges, Itemized | | |
| Atty. Fee—Prep. Mtg. | | 25.00 |
| Recording Costs | | 9.00 |
| 3. Amount Financed (1 & 2) | | 25,000.00 |
| 4. Finance Charge | | 9,500.00 |
| 5. Total of Payments | | $ 34,560.00" |

The fourth item manifests a substantially reduced finance charge over that which would be correct if computed at the annual rate of 9¾%. In fact, the $9,560 more closely approximates interest that would be payable at 6¾%.

Mari, as he affirmed through the argument of his counsel, concedes that the discrepancy is an error, but his contentions are that the summary of the transaction serves the function of a disclosure and should control and, further, that the party responsible for the error, the bank, should bear the brunt of its own mistake. He insists that the bank should be willing to accept the total of payments as they are so

stated to pay the balance of the note in full. He insists that any other resolution amounts to fraud. The bank's position is that it was never intended that the scheduled payments should pay the note in full. Instead, the bank argues that the language included on the note and the mortgage, "when the entire unpaid balance shall become due and payable," controls this situation and that the clear implication of this language is that the parties agreed to a balloon payment on August 10, 1985 to pay the remaining balance due after application of the regularly scheduled payments by Mari. The bank, any error in the summary notwithstanding, also claims that the balance that is due includes the finance charge computed at the agreed rate of 9¾%.

■ Mari made the installment payments described in the note, but he refused to make any additional balloon payment. The bank, considering the refusal to amount to a default in payment of the amounts due under the note, decided to initiate an action against Mari to recover the balance due on the note and to foreclose the mortgage on the property. The bank's complaint was filed on February 21, 1986. It demanded payment of the alleged balloon payment on the note plus additional interest and the costs of its action, or, in the alternative, it requested foreclosure of the mortgage given as security for the note. Mari answered and filed a counterclaim. On January 22, 1988, with appropriate leave of court, he filed an amended counterclaim in which he asserted, in addition to the defense of payment, various tort and breach of contract claims. On July 13, 1988, the district court awarded a summary judgment to the bank with respect to Mari's counterclaim, ruling that there were no genuine issues of fact in regard to any of the claims asserted and that the bank was "entitled to proceed with its action herein for judgment on the note and foreclosure." Because the summary judgment order did not contain the requisite language to constitute it a final order pursuant to Rule 54(b), W.R.C.P., that summary judgment was not appealable.

■ Not long after the entry of the summary judgment, the critical event with respect to the disposition of this case occurred. Mrs. Mari sought, and was granted, a divorce in Colorado. The Colorado court divided the Mari's property, and Mari was ordered to convey his interest in the mortgaged Wyoming property that is the subject of this action to his ex-wife. He refused to do so, and the Colorado court then, by order, directed the clerk of court to execute a surrogate deed on behalf of Mari to Mrs. Mari. That deed has been recorded in Carbon County, Wyoming, and Mrs. Mari is the owner of record of the subject property.

Mari sought to avoid that conveyance by filing an action in Wyoming naming the Colorado clerk of court, a Colorado resident, as a defendant and contesting the propriety of the clerk's action in executing the surrogate deed. That case was dismissed because there was no personal jurisdiction over the Colorado clerk of court. *Mari v. Green*, 767 P.2d 600 (Wyo.1989). So far as this record discloses, Mari has taken no other action to contest the title of his ex-wife to the subject property.

After the property was awarded in the divorce, and the title was conveyed to her, Mrs. Mari settled the action with the bank by reaching a compromise with respect to the amount still due and owing under the promissory note, and the bank agreed to dismiss its foreclosure action. The district court ruled that no claims remained before it to be resolved, and it entered an order dismissing the action. Mari then filed his notice of appeal. As we have indicated, he contends that the discrepancies between the two sections of the promissory note that are quoted above establish an ambiguity that is sufficient to create a genuine

issue of material fact with respect to the intent of the parties and that the genuine issue of material fact makes the summary judgment entered by the district court erroneous.

■ We introduce the subject of mootness by recalling that a litigant must be the real party in interest to have standing to institute an action against another party. Rule 17(a), W.R.C.P.[1] *See Wyoming Wool Marketing Association v. Urruty*, 394 P.2d 905 (Wyo.1964); *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177 (1951); *Weber v. City of Cheyenne*, 55 Wyo. 202, 97 P.2d 667 (1940). The converse of that proposition is that the suit that is filed or defended by a party who is not the real party in interest must be dismissed. *Spriggs v. Pioneer Carissa Gold Mines, Inc.*, 378 P.2d 238 (Wyo.1963), *cert. denied* 375 U.S. 855, 84 S.Ct. 117, 11 L.Ed.2d 82; *reh. denied* 375 U.S. 936, 84 S.Ct. 334, 11 L.Ed.2d 268 (1963). This requirement benefits the courts and the defendant in a civil action. It eliminates unnecessary actions and assures the defendant that only those actions brought by the party entitled to assert them will be prosecuted, thus protecting the defendant from the vexation of a multiplicity of actions, with the possible burden of multiple recoveries, all emanating from the same cause. *See Greenough v. Prairie Dog Ranch, Inc.*, 531 P.2d 499 (Wyo.1975); *Larsen.*

■ The requirement of a real party in interest is jurisdictional and, as such, it can be raised at any time and by any entity, including the court on its own motion. It would be entirely appropriate for this court to raise that question in an appeal. *Greenough; Urruty; Gardner v. Walker*, 373 P.2d 598 (Wyo.1962).

The real party in interest has been described as " 'one who has an actual and substantial interest in the subject matter, as distinguished from one who has only a nominal interest, having reference not merely to the name in which the action was brought, but to the facts as they appear of record.' " *Weber v. City of Cheyenne*, 97 P.2d at 669. *See also Greenough.* Furthermore, that party " 'must be the present owner of the right sought to be enforced' " and must be the " 'party who would be benefited or injured by the judgment or the "party entitled to the avails of the suit." ' " *Weber*, 97 P.2d at 669. *See also Greenough.* " ' "Interest", within the meaning of this rule, means material interest, an interest in issue and to be affected by the decree, as distinguished from mere interest in the question involved, or mere incidental interest.' " *Weber*, 97 P.2d at 669.

■ The facts demonstrated by the record in this case would justify the conclusion that had Mrs. Mari received the property by virtue of the conveyance from the clerk of court in Colorado prior to Mari's answer and his amended counterclaim, Mari would not have been the real party in interest. He qualified, under the rule, as a real party in interest at the time the suit was commenced, and his standing to continue as a party in the action is protected by Rule 25(c), W.R.C.P. *Erb v. Erb*, 573 P.2d 849 (Wyo.1978). As of this time, however, Mrs. Mari is the record, and actual, owner of the property that had been mortgaged to the bank. She has reached a settlement with the bank with respect to the amount allegedly owed on the promissory note, and the foreclosure action has been dismissed. We recognize that, at oral argument, counsel asserted that the real estate records in

---

1. Rule 17(a), W.R.C.P., provides as follows:

    "(a) *Real party in interest.*—Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; * * *."

Carbon County with respect to ownership of the property are in error because the county clerk had no authority to enter a deed signed only by an agent of the court in Colorado. The provisions of Rule 70, W.R.C.P., make that position highly suspect but, in any event, this case offers no avenue for resolving title to the property. For our purposes, title is vested in Mrs. Mari. Her ownership of the property now makes Mrs. Mari " 'the present owner of the right sought to be enforced' " and the " 'party who would be benefited or injured by the judgment' " or the " ' "party entitled to the avails of the suit," ' " *Weber*, 97 P.2d at 669, in any action involving a foreclosure of a mortgage on the property.

That ownership now serves to invoke the doctrine of mootness. This court, many times, has said that "a reviewing court will dismiss a case when, pending appeal, an event occurs which renders a cause moot and makes a determination of the issues unnecessary." *Gulf Oil Corporation v. Wyoming Oil and Gas Conservation Commission*, 693 P.2d 227, 233 (Wyo.1985), citing *Northern Utilities, Inc. v. Public Service Commission of Wyoming*, 620 P.2d 139 (Wyo.1980); *Schwartz, State ex rel. v. Jones*, 61 Wyo. 350, 157 P.2d 993 (1945). The mootness doctrine has been applied by this court in a good number of cases. *Foster v. Wicklund*, 778 P.2d 118 (Wyo.1989); *Graham v. Wyoming Peace Officer Standards and Training Commission*, 737 P.2d 1060 (Wyo.1987); *In Interest of AJ*, 736 P.2d 721 (Wyo.1987); *Walker v. Board of County Commissioners, Albany County*, 644 P.2d 772 (Wyo.1982); *Northern Utilities, Inc. v. Public Serv. Commission*, 617 P.2d 1079 (Wyo.1980); *Cheever v. Warren*, 70 Wyo. 296, 249 P.2d 163 (1952). A corollary of that proposition is that "[a]ppellate courts will not hand down decisions which cannot be given effect or which pertain to matters that may arise in the future." *Gulf*, 693 P.2d at 233; *Northern Utilities*, 617 P.2d 1079; *Belon-*

*don v. State ex rel. Leimback*, 379 P.2d 828 (Wyo.1963).

The doctrine of mootness serves interests that are substantially the same as those that are protected by the real party in interest rule. Rule 17(a), W.R.C.P. It protects the courts by serving as a basis to terminate unnecessary actions, while at the same time advancing the interests of our rule that the court does not render advisory opinions. *Foster; Oukrop v. Wyoming Board of Dental Examiners*, 767 P.2d 1390 (Wyo.1989); *Gulf; Northern Utilities*, 620 P.2d 139; *Miller v. Wallace*, 430 P.2d 335 (Wyo.1967); *House v. Wyoming Highway Department*, 66 Wyo. 1, 203 P.2d 962 (1949); *Welch v. Town of Afton*, 64 Wyo. 49, 184 P.2d 593 (1947). It also serves to protect parties from the burdens of defending against actions in which no judgment can be given effect, and the only product of which is the academic resolution of a question of law. We decline to do that in this instance.

The temptation is significant to dispose of this case on the merits. There seems no reason to conclude that the district court did not correctly dispose of those claims asserted in Mari's amended counterclaim. When treated together, the documents seem rather clear and forthright and support the proposition that the bank was entitled to the payments that Mari had made and also to a balloon payment, thus repaying the bank according to the terms of the instruments. We resist that temptation, however, and adhere to the conservative rules of jurisprudence served by the mootness doctrine. Mari's claims against the bank all depend upon a conclusion that the bank, erroneously and contrary to law, proceeded with an action to foreclose the mortgage and to collect the balance due on its note. The bank has dismissed its foreclosure action, and it did that because of a settlement of its claims on the note entered into by Mrs. Mari, the record owner of the

property in question. Under the circumstances, there is no way that Mari's claims against the bank could be prosecuted any further, which is tantamount to saying that there is no way a judgment on those claims could be given effect. We are satisfied that the issues presented in this appeal have become moot, and the appeal, for that reason, must be dismissed with costs to the appellee.