108 P.3d 836 (2005)
2005 WY 30
In the Interest of SNK, a minor child: Northern Arapaho Tribe, Appellant (Intervenor),
v.
The State of Wyoming, Department of Family Services, Appellee (Petitioner).
No. C-04-8.
Supreme Court of Wyoming.
March 10, 2005.
Representing Appellant: Christopher J. Schneider of Baldwin & Crocker, P.C., Lander, Wyoming.
Representing Appellee: Patrick J. Crank, Attorney General; Robin Sessions Cooley, Deputy Attorney General; Dan Wilde, Senior Assistant Attorney General; and Nancy D. Conrad, Assistant Attorney General, Cheyenne, Wyoming.
*837 Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and YOUNG, D.J.
VOIGT, Justice.
[¶ 1] In this case, the Northern Arapaho Tribe (the Tribe) appeals the denial of its motion to vacate the foster care placement of SNK, an enrolled member of the Tribe, with her ex-stepfather. After the parties had submitted their appellate briefs, SNK was removed from her ex-stepfather's home and returned to the legal and physical custody of her mother. As a result, the issues presented have become moot and this appeal must therefore be dismissed.

ISSUE
[¶ 2] Whether the return of SNK to the legal and physical custody of her mother renders the Tribe's appeal moot?

FACTS
[¶ 3] We had a prior opportunity to examine the facts of this case in In re SNK, 2003 WY 141, 78 P.3d 1032 (Wyo.2003). In that case, SNK was the subject of a juvenile neglect proceeding and was eventually placed in foster care with a non-Indian family. Id. at ¶¶ 3-4, 78 P.3d at 1033-34. Since SNK was an enrolled Northern Arapaho Tribe member, the Tribe intervened in the action pursuant to the Indian Child Welfare Act of 1978, 25 U.S.C. §§ 1901 et seq. (hereinafter ICWA). In re SNK, 2003 WY 141, ¶ 5, 78 P.3d at 1034. Despite the Tribe's intervention, the district court concluded that the ICWA was not applicable to the case. Id. at ¶ 6, 78 P.3d at 1034. The Tribe appealed that determination. Id. at ¶ 7, 78 P.3d at 1035. Shortly after the Tribe filed its appeal, SNK was removed from the non-Indian foster home and placed with her ex-stepfather. Id. at ¶ 19, 78 P.3d at 1038. As a result, we dismissed the appeal, finding that "[a]ny determination by this court relating to the basis upon which the district court continued to place SNK in a non-Indian foster home ... is moot in that it would be wholly ineffectual and of no practical effect." Id.
[¶ 4] Shortly after that appeal was dismissed, the Tribe filed a Motion to Vacate Current Foster Care Placement; Place the Child in the Foster Home of Jevon and Glenda Trosper; and Otherwise Comply with the Requirements of the Indian Child Welfare Act (Motion to Vacate Placement). In its motion, the Tribe asserted that SNK's placement with her ex-stepfather violated the ICWA. No action was taken on the motion and after ninety days it was deemed denied pursuant to W.R.C.P. 6(c)(2).[1] The Tribe timely appealed.

DISCUSSION
[¶ 5] After the parties submitted their briefs in this case, the appellee, State of Wyoming, Department of Family Services (the State), submitted a motion to dismiss the appeal as moot. Attached to the motion was a signed Consent Decree, which decree returned the legal and physical custody of SNK to her mother subject to conditions set forth in a separate Agreement in Support of Consent Decree. The State asserted that because the child was returned to her mother, a "child custody proceeding" as defined in the ICWA no longer existed and therefore any opinion relating to the matter would have no impact on the parties and would therefore be moot. The Tribe responded that although SNK was physically returned to her mother, permanent legal custody had not been restored because a violation of the conditions could result in the removal of SNK from her mother's home.
[¶ 6] We have examined the mootness doctrine on numerous occasions. In Bard Ranch Co. v. Frederick, 950 P.2d 564, 566 (Wyo.1997), we said:

*838 Our general law on justiciability provides that courts should not consider issues which have become moot. Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n, 693 P.2d 227, 233 (Wyo.1985). We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. McLain v. Anderson, 933 P.2d 468, 472 (Wyo.1997). A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. Id. Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it. Id.; see also Rocky Mountain Helicopters, Inc. v. Air Freight, Inc., 773 P.2d 911, 924-25 (Wyo.1989)
[¶ 7] We agree with the State that the issues raised in this appeal have become moot. This case no longer presents an existing controversy. The relief sought by the Tribe was accomplished when SNK was removed from the custody of her ex-stepfather and returned to her mother. While we acknowledge that a failure by SNK's mother to comply with the conditions of the Consent Decree could necessitate a future proceeding, currently there exists no order upon which a decision of this Court could operate. The only existing order is the Consent Decree returning SNK to her mother. The Tribe signed this decree and does not appear to challenge its validity or argue that it violates the ICWA.
[¶ 8] In addition to challenging the denial of its Motion to Vacate Placement, the Tribe raises other issues related to the proper application of the ICWA. Specifically, the Tribe requests that we find that the so-called "existing Indian family" exception to the ICWA is not recognized in Wyoming and that we adopt the United States Bureau of Indian Affairs "Guidelines of State Courts; Indian Child Custody Proceedings." Although these matters may be properly before this Court at some time in the future, a determination of those issues within the factual context of this case would be advisory, as it would have no impact on the current proceeding. We have said:
Appellate courts must consider only matters actually before them on appeal, and they must not give opinions on controversies or declare principles of law which cannot have any practical effect in settling the claims of the litigants. Only those questions which are necessary for the decision of the case must be considered, and no attempt should be made to further "lay down" a rule or precedent to the bench or bar of the state. Questions not directly involved in an appeal, or not necessary or relevant to, or material in, the final determination of the cause, will not be considered or decided by an appellate court. See 5 C.J.S., Appeal and Error § 1455 (1958).
State Bd. of Equalization v. Jackson Hole Ski Corp., 745 P.2d 58, 59-60 (Wyo.1987). We will not hand down a decision which cannot be given effect or which pertains to matters that may arise in the future. Graham v. Wyoming Peace Officer Standards and Training Com'n, 737 P.2d 1060, 1063 (Wyo.1987) (quoting Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Com'n, 693 P.2d 227, 233 (Wyo.1985)).

CONCLUSION
[¶ 9] Because SNK has been returned to the legal and physical custody of her mother, the issues presented in this appeal have become moot and any decision of this Court with regard to those issues would be advisory. The appeal is dismissed.
NOTES
[1] W.R.C.P. 6(c)(2) provides:

A request for hearing may be served by the moving party or any party affected by the motion within 30 days after service of the motion. Absent a timely request for hearing the court may, in its discretion, determine the motion without a hearing. A motion not determined within 90 days after filing shall be deemed denied. A party whose motion has been deemed denied shall have 10 days after the effective date of such denial to serve such pleadings or other papers, if any, as may be required or permitted.