# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 121

OCTOBER TERM, A.D. 2016

December 20, 2016

TREFREN CONSTRUCTION CO., a
Wyoming Corporation,

Appellant
(Plaintiff),

v.

S-16-0078

V&R CONSTRUCTION, LLC, an Ohio
Limited Liability Company, and COCCA
DEVELOPMENT, LTD., an Ohio Limited
Partnership,

Appellees
(Defendants).

*Appeal from the District Court of Lincoln County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellant:*
> Andrew A. Irvine of Andrew A. Irvine, P.C.; and Robert L. Stepans of Meyer, Shaffer & Stepans, PLLP, Wilson, WY.  Argument by Mr. Irvine.

*Representing Appellees:*
> John D. Bowers of Bowers Law Firm, Afton, WY.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1] Trefren Construction Co. (Trefren Construction) appeals the district court's denial of its motion to substitute the real party in interest and the district court's grant of summary judgment to Defendants, V&R Construction, LLC, and Cocca Development, Ltd. We find the district court erred in dismissing the complaint for lack of subject matter jurisdiction, abused its discretion in denying the motion to substitute, and erred in prematurely ruling on the merits of the parties' contract claims. We therefore reverse.

## ISSUES

[¶2] Although Trefren Construction presents a number of issues on appeal, we find the dispositive issues to be:

1. Did the district court err in dismissing the complaint for lack of subject matter jurisdiction?

2. Did the district court abuse its discretion under Rule 17(a) of the Wyoming Rules of Civil Procedure when it denied Trefren Construction's motion to substitute the Estate of Timothy N. Trefren as the real party in interest?

3. Did the district court err in ruling that the parties' contracts were voidable?

## FACTS

[¶3] Prior to his death on April 23, 2015, Timothy N. Trefren owned Trefren Construction and operated it as a sole proprietorship. Trefren Construction was based in Thayne, Wyoming, and was managed by Timothy N. Trefren and his son, Timothy R. Trefren. Defendant V&R Construction, LLC (V&R) is an Ohio limited liability company, and Defendant Cocca Development, Ltd. (Cocca) is an Ohio limited partnership. Cocca is a member of V&R.

[¶4] Cocca owned real property in Afton, Wyoming, on which it desired to construct a Shopko retail establishment. Cocca entered into a contract with V&R, by which V&R was to act as general contractor in the construction of the Shopko building. In turn, V&R, on May 31, 2013, entered into a subcontract with Trefren Construction, by which it agreed to pay Trefren Construction $458,850.00 to complete site preparation and excavation for the project. On June 30, 2013, V&R entered into another subcontract with Trefren Construction, by which it agreed to pay Trefren Construction $145,000.00 for erection of an approximately 36,000 square foot pre-engineered metal building on the site.

1

[¶5]   In October and November 2013, Trefren Construction billed V&R for amounts still owing on both the site preparation/excavation contract and the building erection contract.  On May 15, 2014, it again submitted a billing to V&R for these amounts, and on July 30, 2014, its counsel sent a demand letter to both Cocca and V&R for the amounts owing.  The amounts owing on the contracts were not paid, and on September 19, 2014, Trefren Construction filed a complaint against V&R and Cocca in the Third Judicial District Court in Lincoln County.  The complaint asserted both contract and non-contract claims and requested damages in the amount of $115,560.53, plus prejudgment interest.  V&R and Cocca (collectively Defendants) filed an answer and counterclaims, and the litigation thereafter proceeded through discovery and an unsuccessful mediation, with a trial date scheduled for January 19, 2016.

[¶6]   On November 20, 2015, Defendants filed a motion to dismiss.  Defendants' motion directed the district court to Paragraph One of Trefren Construction's complaint, which alleged, "Plaintiff is a Wyoming Corporation with its principal place of business located in the Town of Thayne, County of Lincoln, State of Wyoming."  Defendants' motion then asserted that during a telephone conversation with a non-party, defense counsel was told Trefren Construction is not a Wyoming corporation, and upon investigation, Defendants confirmed that all corporations associated with the name Trefren Construction were inactive or had been dissolved.  Specifically, Defendants asserted Trefren Construction, Inc. became inactive in 2003, Trefren Construction Company, Inc. dissolved in 1986 and again in 1997.

[¶7]   Based on this information, Defendants further asserted (citations to exhibits omitted):

> 4.      Additionally, the alleged two written contracts attached to the Plaintiff's complaint contain signature pages in which the first dated May 31, 2013 is signed as "Trefren Construction Co. by Tim N. Trefren its owner", and the second contract dated June 30, 2013 is signed as "Trefren Construction Co. by Tim Trefren its manager".
>
> 5.      Wyoming Statute § 17-16-1405 states that a dissolved corporation technically continues in a corporate existence, however "may not carry on any business except that appropriate to wind up and liquidate its business and affairs . . ." *Id*.
>
> 6.      As such, the Plaintiff's allegations that it entered into any type of agreement or contract in 2013, cannot be supported [by] facts because there was no such entity.
>
> 7.      Additionally, the "alleged plaintiff" is not a recognized entity under Wyoming law and has no statutory authority to sue in the State of Wyoming.

8. Because the alleged plaintiff is not a valid entity, nor was it a valid entity at the time of the alleged written contract, this matter cannot go forward because there is no party of interest on the plaintiff's side. As such, the Defendants respectfully request that the matter be dismissed.

\* \* \* \*

12. If the Court does not dismiss this matter, in the alternative, the Defendants respectfully request that the Court vacate the current scheduling order and trial date immediately until additional briefing can be done on this matter.

[¶8] Defendants attached to their motion to dismiss the relevant page of Trefren Construction's complaint and the signature pages of the parties' contracts, which contracts had been attached to the complaint. Defendants also attached several documents downloaded from the website for the Wyoming Secretary of State's Office and an affidavit from defense counsel's legal assistant concerning the downloaded documents and her contact with the Secretary of State's Office.

[¶9] On November 23, 2015, three days following the filing of Defendants' motion to dismiss, Trefren Construction filed a Motion for Substitution of Party pursuant to W.R.C.P. 25(a), which rule governs substitutions upon the death of a party. The motion stated, in part:

1. At the time this case was filed, the original named plaintiff was Trefren Construction Co., which, according to The Estate of Timothy Nelson Trefren was held as a sole proprietorship by Timothy Nelson Trefren.
2. Timothy Nelson Trefren died on April 23, 2015.
3. As a result of the death of Timothy Nelson Trefren, the original named plaintiff Trefren Construction Co. was transferred to The Estate of Timothy Nelson Trefren.
4. The Estate of Timothy Nelson Trefren now wishes to proceed with the above captioned case as successor to Trefren Construction Co.

\* \* \* \*

WHEREFORE, Movant prays that The Estate of Timothy Nelson Trefren be substituted in place and stead of the original plaintiff Trefren Construction Co. as the named plaintiff herein.

[¶10] Defendants opposed the motion to substitute the Estate of Timothy Nelson Trefren (the Estate) as plaintiff, arguing Rule 25(a) did not apply because no party to the action had died. They also asserted they would be prejudiced by the substitution because had

they known Trefren Construction was not a corporation, they would have asserted additional claims for breach of fiduciary duty, conflict of interest, and breach of contract.

[¶11] On December 2, 2015, the district court entered an order vacating the January 19, 2016 trial date and setting deadlines for briefing on Defendants' motion to dismiss. In accordance with that schedule, Trefren Construction filed a response to Defendants' motion to dismiss. On that same date, Trefren Construction also filed a motion for leave to amend its complaint to substitute the Estate as plaintiff.

[¶12] In arguing against Defendants' motion to dismiss, Trefren Construction took the position that W.R.C.P. 17(a) was, under the circumstances, not a ground for dismissal but was instead a basis for substituting the Estate. Trefren Construction argued that whether viewed singularly or in combination, Rules 17(a), 21, 25 and 15(a) "readily allow the substitution of The Estate of Timothy N. Trefren as the real party in interest in this case." In support of this argument, Trefren Construction attached an affidavit by Timothy R. Trefren, the son of decedent, Timothy N. Trefren. That affidavit stated, in part:

> 1. My father, Timothy N. Trefren, started Trefren Construction Co. and has always been the owner of the business.
> 2. My father, Timothy N. Trefren was also a manager of the business and handled all of the "office" work, including the licenses, permits and taxes for the business.
> 3. I was also a manager of Trefren Construction Co. and handled aspects of the "field" work for the business.
> 4. At the time the above-captioned case was filed, I believed Trefren Construction Co. was operated by my father as a Wyoming corporation and indicated such to counsel for Trefren Construction Co.
> 5. I was aware that Trefren Construction Co. had been operated as a Wyoming corporation in the past and believed that it was still operated as a Wyoming corporation at the time this case was filed.
> 6. I was unaware of any change to the status of Trefren Construction Co. as a Wyoming corporation at the time this case was filed.
> 7. After a long battle with cancer and illness, my father, Timothy N. Trefren died on April 23, 2015.
> 8. Following his death, Defendants in this case as well as counsel for Defendants, were provided notice of and acknowledged my father's death.
> 9. Following my father's death and after my father's estate was submitted to probate in *In the Matter of the*

4

*Estate of Timothy Nelson Trefren*, PR-2015-31-DC (2015), counsel for my father's Estate explained to me that my father had operated Trefren Construction Co. as a sole proprietorship, not a Wyoming corporation.

10. That is the first time I became aware that my father had converted Trefren Construction Co. from a Wyoming corporation to a sole proprietorship.

[¶13] On December 28, 2015, Defendants filed their opposition to Trefren Construction's motion for leave to amend its complaint. Defendants argued they would be prejudiced by the amendment in that had they known Trefren Construction was a sole proprietorship, they would have approached the litigation differently and would have asserted additional claims against the entity. On the same date, Defendants also filed a reply in support of their motion to dismiss, again asserting they would be prejudiced by a substitution of the parties.

[¶14] On February 9, 2016, the district court entered an Order Denying Motion for Substitution of Party, Denying Motion for Leave to Amend Complaint, and Granting Defendants' Motion for Summary Judgment. The court found Rule 25(a) inapplicable because no party to the action had died and on that basis denied Trefren Construction's Rule 25(a) motion. The court denied Trefren Construction's motion to amend based on its findings that the motion was not timely and amendment of the complaint would not serve the interests of justice. The court did not address Trefren Construction's argument that substitution of the Estate as plaintiff was proper under Rule 17(a).

[¶15] In addressing Defendants' motion to dismiss, the district court observed that Defendants had not cited to a specific rule upon which they based their motion, but the Court viewed the motion as a Rule 17(a) challenge to the named plaintiff as the real party in interest. The court also noted that it had converted Defendants' motion to dismiss to a summary judgment motion because the court had considered materials outside the pleadings that had been submitted by the parties.

[¶16] With respect to the real party in interest question, the district court found that because there was no existing Wyoming corporation by the name of Trefren Construction Co., the named plaintiff was a non-existent entity and could not be the real party in interest. The court then concluded that because the named plaintiff was not the real party in interest, the complaint had to be dismissed for lack of subject matter jurisdiction.

[¶17] The district court thereafter deviated from the real party in interest question and turned to an analysis of the enforceability of the parties' contracts, specifically whether the parties had a meeting of the minds when they entered into their contracts and whether Trefren Construction had perpetrated a material misrepresentation upon Defendants. The court found that: 1) no contract could be formed because Trefren Construction did not

5

exist as a corporate entity and the parties therefore could not have had a meeting of the minds; and 2) Trefren Construction Co. perpetrated a material misrepresentation upon Defendants, which made the contracts voidable. The court then summarized its ruling on Defendants' motion to dismiss/summary judgment motion with the following:

> No real party in interest ratified this action, sought to be joined or substituted as the Plaintiff in this action within a reasonable time as allowed by Rule 17. Trefren Construction Company represented itself as a corporate entity. There is no question of fact that no such corporate entity exists. Because the corporate entity could not be revived at the time the Parties executed their contracts, Plaintiff perpetrated a material misrepresentation upon Defendants. As a result, the Parties' contract is voidable, and Defendants are entitled to judgment as a matter of law.

[¶18]   Trefren Construction timely filed a notice of appeal to this Court.

## STANDARD OF REVIEW

[¶19]   This Court reviews summary judgment orders *de novo*. *Snell v. Snell*, 2016 WY 49, ¶ 18, 374 P.3d 1236, 1240 (Wyo. 2016). We have explained:

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards. *Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo.1999); *40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo.1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id*. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id*. If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo.1999); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 519 (Wyo.1994).

6

> *Rogers v. Wright*, 2016 WY 10, ¶ 7, 366 P.3d 1264, 1269
> (Wyo. 2016) (quoting *Inman v. Boykin*, 2014 WY 94, ¶ 20,
> 330 P.3d 275, 281 (Wyo. 2014)).[1]

*Snell*, ¶ 18, 374 P.3d 1240.

## DISCUSSION

[¶20]  We will address the district court's rulings dismissing the complaint for lack of jurisdiction, denying the motion substitute the real party in interest, and declaring the parties' contracts voidable in that order.  Defendants have, however, also asked that this appeal be dismissed as moot.  Thus, as a preliminary matter, we will first address Defendants' mootness argument.

## I.     Mootness

---

[1] Trefren Construction contends that the district court erred in converting Defendants' motion to dismiss to a motion for summary judgment and that the standard of review should be that applicable to the granting of a motion to dismiss.  This Court has addressed conversion of a motion to dismiss as follows:

> We have explained that if the matters outside of the pleadings considered are affidavits attached to the motion to dismiss, conversion occurs automatically. *Cranston v. Weston Cnty. Weed & Pest Bd.*, 826 P.2d 251, 254 (Wyo.1992). However, if materials other than affidavits are considered, "such as discovery documents, conversion does not occur automatically. The court may still treat the motion as one for summary judgment, but the record must demonstrate that the parties had notice of the conversion and that the nonmovant had an opportunity to respond." *Id.* At a minimum, the nonmoving party must have ten days to respond to the converted motion for summary judgment. *Shriners Hosp. for Crippled Children, Inc. v. First Sec. Bank of Utah, N.A.*, 835 P.2d 350, 356 (Wyo.1992).

*Inman v. Boykin*, 2014 WY 94, ¶ 15, 330 P.3d 275, 280 (Wyo. 2014) (quoting *Ridgerunner, LLC v. Meisinger*, 2013 WY 31, ¶ 7, 297 P.3d 110, 113 (Wyo. 2013)).

We agree that in this case there was certainly confusion in how the matter proceeded before the district court.  Defendants filed a motion to dismiss, to which they attached an affidavit and other materials, but they did not identify the rule under which they were filing the motion.  The record contains no indication the district court notified the parties it was converting the motion to one for summary judgment, and given the ambiguity in Defendants' motion, it is not clear that a conversion was automatic.  The court did, however, set a schedule giving both parties an opportunity to provide any briefing they wished the court to consider, and in providing its briefing on the motion to dismiss, Trefren Construction submitted an affidavit and other materials outside the pleadings.  While the conversion should have been handled with more clarity, we are satisfied that Trefren had an opportunity to respond, at least with respect to the issue of the real party in interest.  As we will discuss hereafter, notice on the contract enforceability question was wholly inadequate, but our reversal of that aspect of the district court's decision is unaffected by the standard of review we employ.

[¶21] We have outlined the circumstances under which an appeal must be dismissed as moot:

> Under the doctrine of mootness, "a court should not hear a case where there has been a change in circumstances occurring either before or after a case has been filed that eliminates the controversy." *Operation Save America v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo.2012) (quoting *KO v. LDH* (*In re Guardianship of MEO*), 2006 WY 87, ¶ 27, 138 P.3d 1145, 1153 (Wyo.2006)). "The central question in a mootness case is 'whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" *Id.*, ¶ 27, 138 P.3d at 1153–54 (quoting *Southwestern Pub. Serv. Co. v. Thunder Basin Coal Co.*, 978 P.2d 1138, 1143 (Wyo.1999)).
>
> We have consistently found issues moot when a change occurs while an appeal is pending that makes any decision we might make of no consequence. For example, in *Northern Arapaho Tribe v. State* (*In re SNK*), 2005 WY 30, 108 P.3d 836 (Wyo.2005) a child was placed in foster care. Appellant challenged the foster care placement. After the appeal was filed, the parties signed a consent decree which returned the child to her mother and ended the foster placement. We determined that the issue was moot because any "opinion relating to the matter would have no impact on the parties." *Id.*, ¶ 5, 108 P.3d at 837. In *McLain v. Anderson*, 933 P.2d 468, 472 (Wyo.1997) appellants challenged a ruling about protective covenants but then agreed to amend the covenants to match the ruling of the trial court. We found that the issue was moot because any decision "cannot have any practical effect on the existing controversy."

*In re CRA*, 2016 WY 24, ¶¶ 25-26, 368 P.3d 294, 300 (Wyo. 2016).

[¶22] Defendants assert that the Estate has filed a new action against Defendants asserting claims identical to those alleged in the dismissed complaint, and the Estate does not dispute that allegation. Based on that filing, Defendants contend that any decision by this Court concerning the dismissed complaint will have no impact on the parties' dispute. We disagree.

[¶23] Trefren Construction has asked that this Court reverse the district court's decision denying substitution of the Estate as the real party in interest. If we grant that relief,

Trefren Construction's original complaint would be reinstated and, with the Estate substituted as Plaintiff, the parties would pick up where they left off. Although Defendants contend the substitution itself will create delays due to pleading amendments and additional discovery, we would not anticipate that any such delays would be as lengthy as those associated with starting an entirely new action.

[¶24] Additionally, Trefren Construction has asked that this Court reverse the district court's ruling concerning contract formation and enforceability. While the district court's order did purport at times to apply only to the named plaintiff in the case before it, the court's ruling was otherwise couched in terms that would undoubtedly impair, or at least complicate, any contract claim asserted by the Estate. For example, the court ruled:

> Trefren Construction Company represented itself as a corporate entity. There is no question of fact that no such corporate entity exists. Because the corporate entity could not be revived at the time the Parties executed their contracts, Plaintiff perpetrated a material misrepresentation upon Defendants. As a result, the Parties' contract is voidable, and Defendants are entitled to judgment as a matter of law.

[¶25] Because both the parties' contracts appear to be signed by Timothy N. Trefren, now deceased, it may be difficult for the Estate to escape these contract findings.[2] Thus, a reversal of this ruling would also impact the parties' continuing dispute.

[¶26] For these reasons, we reject Defendants' request that this appeal be dismissed as moot.

## II. District Court Rulings

## A. Real Party in Interest

[¶27] Rule 17 of the Wyoming Rules of Civil Procedure requires that an action be brought by the real party in interest. It provides, in relevant part:

> Every action shall be prosecuted in the name of the real party in interest. * * * *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest*; and

---

[2] One of the contracts was signed by Tim N. Trefren and the other by Tim Trefren, but both signatures appear identical.

9

such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

W.R.C.P. 17(a) (LexisNexis 2015) (emphasis added).

[¶28]   The district court found that Trefren Construction, as named in the complaint, was not the real party in interest, and neither party disputes that finding.  The court did not make a finding as to the identity of the real party in interest, but the parties appear to agree that the Estate is the real party in interest.[3]  We are therefore left with two questions we must address with respect to the district court's real party in interest ruling: 1) whether the court erred when it ruled that because the named plaintiff was not the real party in interest, the complaint had to be dismissed for lack of subject matter jurisdiction; and 2) whether the court erred in denying substitution of the Estate as the named plaintiff.

1.      **Dismissal for Lack of Jurisdiction**

[¶29]   The district court found that "[w]hen Plaintiff asserted its cause of action, it was a dissolved corporate entity without the legal possibility of revival."  The court also rejected Trefren Construction's argument that a dissolved corporation may bring an action.  The court concluded:

> Trefren Construction Co. entered into two contracts with Defendants.  The corporate entity of Trefren Construction Co. did not, however, exist at the time of the contracts.  If the entity did not exist and it is not a real party in interest as found above, this Court is without jurisdiction. *Mari v. Rawlins Nat. Bank of Rawlins*, 794 P.2d 85, 88 (Wyo. 1990).  Accordingly, the matter with this plaintiff must be dismissed.

[¶30]   Trefren Construction argues this ruling, which suggests that dismissal must follow when an action is not brought in the name of the real party in interest, is contrary to the plain terms of Rule 17(a).  We agree.

[¶31]   Rule 17(a) directs that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been

---

[3] Trefren Construction asserted below that the Estate is the real party in interest.  It supported that assertion with an affidavit attesting that when Timothy Nelson Trefren died, Trefren Construction and its assets and liabilities were transferred to the Estate.  In their responses to Trefren Construction's alternative motions to substitute or amend, Defendants presented no evidence to the contrary.  Likewise, on appeal, Trefren Construction has asserted the Estate as the real party in interest, and Defendants have offered no opposition to that assertion.

allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." W.R.C.P. 17(a). Thus, not only does Rule 17(a), by its plain terms, not mandate dismissal when an action is not prosecuted in the name of the real party in interest, but it expressly requires the opposite—that the court allow a reasonable time to cure the defect through ratification, joinder or substitution.

[¶32] The fact that a dissolved corporation, without the capacity to sue, may have been the named plaintiff has no bearing on the requirement that a reasonable time be allowed for substitution. Even assuming a named plaintiff lacks the capacity to sue, substitution remains an available mechanism to cure the defect in naming the real party in interest. *Esposito v. U.S.*, 368 F.3d 1271, 1277-78 (10th Cir. 2004). [4] In *Esposito*, the Tenth Circuit rejected an argument that an action filed by a party lacking capacity to sue is a nullity that makes the Rule 17(a) substitution requirement inapplicable. *Id.* The court explained:

> We do, however, find support in the federal rules for permitting substitution notwithstanding Mr. Esposito's lack of capacity at the time the suit was filed. As the district court pointed out, nothing in Rule 17(a) requires that the original plaintiff have capacity to sue. The fact is, Rule 17(a) does more than merely provide a relation back principle. It provides that substitution "shall have the *same effect as if* the action had been commenced in the name of the real party in interest." Fed.R.Civ.P. 17(a) (emphasis added).

*Esposito*, 368 F.3d 1277-78 (footnote omitted); *see also Russell v. Sullivan*, 2012 WY 20, ¶ 22, 270 P.3d 677, 682-83 (Wyo. 2012) (relying on *Esposito* Rule 17(a) relation-back analysis to allow joinder of petitioner to will contest where original petitioners lacked standing and action without such joinder would have been a nullity).

[¶33] Having concluded that Rule 17(a) did not mandate dismissal, we turn to the district court's determination that dismissal was required because the real party in interest requirement is jurisdictional. Our Court has a line of decisions holding, as the district court ruled, that the real party in interest requirement is jurisdictional. *McNeiley v. Ayres Jewelry Co.*, 886 P.2d 595, 600 (Wyo. 1994); *Mari v. Rawlins Nat'l Bank of Rawlins*, 794

---

[4] Wyoming's Rule 17(a) closely resembles its federal counterpart. *See* F.R.C.P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). Given the similarity between our rule and the federal rule, we find the Tenth Circuit's analysis persuasive. *See CSC Group Holdings, LLC v. Automation & Electronics, Inc.*, 2016 WY 26, ¶ 24, 368 P.3d 302, 308 (Wyo. 2016) ("We consider federal authority interpreting procedural rules highly persuasive when our rules are sufficiently similar or identical.").

P.2d 85, 88 (Wyo. 1990); *Greenough v. Prairie Dog Ranch, Inc.*, 531 P.2d 499, 500 (Wyo. 1975); *Wyoming Wool Marketing Ass'n v Urruty*, 394 P.2d 905, 908 (Wyo. 1964); *Gardner v. Walker*, 373 P.2d 598, 599 (Wyo. 1962). We also, however, have a line of decisions holding that a real party in interest defense or objection is waived if it is not timely raised, implying that the requirement is not jurisdictional. *Shepard v. Beck*, 2007 WY 53, ¶ 10, 154 P.3d 982, 986 (Wyo. 2007); *Action Bailbonds v. State*, 2002 WY 103, ¶ 8, 49 P.3d 992, 994 (Wyo. 2002); *Cockreham v. Wyoming Production Credit Ass'n*, 743 P.2d 869, 874 (Wyo. 1987); *Gifford-Hill-Western, Inc. v. Anderson*, 496 P.2d 501, 502 (Wyo. 1972). We take this opportunity to resolve this conflict and hold, consistent with our more recent decisions, that the real party in interest requirement is not jurisdictional.

[¶34] *Gardner* was our earliest decision to hold that the real party in interest requirement is jurisdictional, and the Court reached that holding based on another state's interpretation of its own rule, as well as a secondary source. *Gardner*, 373 P.2d at 599 (citing *Wilson v. Gibbes Machinery Co.*, 1 S.E.2d 490, 492 (S.C. 1939); 67 C.J.S. Parties § 10, pp. 909-910). The *Gardner* decision did not analyze the jurisdictional question or explore the basis for treating the requirement as jurisdictional. *Id*. Our subsequent decisions holding the requirement is jurisdictional all trace back to the *Gardner* decision.

[¶35] Our decisions holding a real party in interest objection can be waived have reasoned that the issue must first be raised before the district court in order to comply with Rule 17(a)'s requirement that the named plaintiff be given an opportunity for ratification, joinder, or substitution. *Action Bailbonds*, ¶ 8, 49 P.3d at 994; *Cockreham*, 743 P.2d at 874. We agree with these practical considerations. Additionally, we can discern no basis to find the real party in interest requirement jurisdictional.

[¶36] "A court has subject matter jurisdiction when it has the authority to consider and decide 'cases of the general class of which the proceeding belongs.'" *Linch v. Linch*, 2015 WY 141, ¶ 17, 361 P.3d 308, 313-14 (Wyo. 2015) (quoting *Brush v. Davis*, 2013 WY 161, ¶ 9, 315 P.3d 648, 651 (Wyo. 2013)). The real party in interest requirement serves to protect a "defendant from the vexation of a multiplicity of actions, with the possible burden of multiple recoveries, all emanating from the same cause." *Vargas Ltd. Partnership v. Four H Ranches Architectural Control Committee*, 2009 WY 26, ¶ 12, 202 P.3d 1045, 1051 (Wyo. 2009) (quoting *Mari*, 794 P.2d at 88). While the requirement serves an important function, it does not speak to a court's jurisdiction or limit a court's power to hear a matter. *See Lincoln Property Co. v. Roche*, 546 U.S 81, 90, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005) (Rule 17(a) addresses party joinder not subject matter jurisdiction); *K-B Trucking Co. v. Riss Intern. Corp.*, 763 F.2d 1148, 1153, n.2 (10th Cir. 1985) ("The real party in interest defense may be waived if it is not timely raised.").

[¶37] For these reasons, we hold that the real party in interest requirement is not jurisdictional. To the extent our cases hold otherwise, they are hereby overruled.[5]

[¶38] Having concluded that neither Rule 17(a) nor jurisdictional limits necessarily mandated dismissal of Trefren Construction's complaint, we must next address whether the district court erred in denying Trefren Construction's motion to substitute the real party in interest. It is our resolution of that question that will determine whether the complaint was in the end properly dismissed. If the substitution was properly denied, then the dismissal for failure to bring the action in the name of the real party in interest would necessarily follow. If we find the substitution should have been permitted, that substitution will cure the complaint's defect, making dismissal improper.

## 2. **Denial of Motion to Substitute**

[¶39] While it is Rule 17(a) that addresses the requirement that an action be brought by the real party in interest, Trefren Construction sought to have the Estate substituted as the real party in interest first through a Rule 25 motion to substitute and then alternatively through a Rule 15 motion to amend the complaint. Trefren Construction also, however, asserted Rule 17(a) as a basis for allowing the substitution, arguing that "considering Rule 17(a) in conjunction with Plaintiff's previously filed Motion for Substitution of Party, the remedy required here is the substitution of The Estate of Timothy N. Trefren as the real party in interest." Since Rule 17 is the controlling rule with respect to a real party in interest analysis, and Trefren Construction effectively invoked the rule as the basis for its substitution motion, we begin our review with the district court's Rule 17 ruling rather than with the district court's rulings on the alternative Rule 15 and Rule 25 motions.[6]

[¶40] Although Rule 17(a) mandates that an action not be dismissed until a reasonable time has been allowed for substitution of the real party in interest, the district court's decision whether to allow the substitution is a decision we review for an abuse of discretion. *Esposito*, 368 F.3d at 1273. To the extent our review of the district court's Rule 17(a) ruling requires interpretation of the rule, our review is *de novo*. *Russell*, ¶ 13, 270 P.3d at 680.

---

[5] These cases include: *McNeiley v. Ayres Jewelry Co.*, 886 P.2d 595, 600 (Wyo. 1994); *Mari v. Rawlins Nat'l Bank of Rawlins*, 794 P.2d 85, 88 (Wyo. 1990); *Greenough v. Prairie Dog Ranch, Inc.*, 531 P.2d 499, 500 (Wyo. 1975); *Wyo. Wool Marketing Ass'n v Urruty*, 394 P.2d 905, 908 (Wyo. 1964); *Gardner v. Walker*, 373 P.2d 598, 599 (Wyo. 1962).

[6] While Rule 17 may be used in conjunction with other rules, Rule 17(a) itself provides an independent basis for a motion to substitute the real party in interest. 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure, Civil* § 1555 (3d ed., database updated October 2016). In other words, a motion to substitute the real party in interest may be filed as a Rule 17(a) motion without resort to a Rule 15 motion to amend, a Rule 21 joinder motion, or a Rule 25 motion to substitute.

[¶41] This Court has not previously had occasion to address the denial of a Rule 17(a) motion to substitute and we therefore look once again to federal authority. The Tenth Circuit, drawing on the advisory committee notes to the federal rule, has held that the factors to be considered in deciding a motion to substitute are: 1) whether the mistake in naming the plaintiff was an honest mistake and not the result of "deliberate tactical maneuvering;" and 2) whether the defendant or defendants will be prejudiced by the substitution. *Esposito*, 368 F.3d at 1276.

[¶42] The district court did not expressly address Trefren Construction's motion to substitute as a Rule 17(a) motion, but the court did make the following finding:

> The time that has lapsed from when this action was filed until mediation failed and the motion to dismiss or for summary judgment was filed was more than a reasonable amount of time for the real party in interest to ratify, join, or seek substitution as the Plaintiff in this matter pursuant to Rule 17. Should a cause of action lie for that real party in interest against any of the Defendants in this matter, justice warrants that be in a new action, not by substitution of the Plaintiff at this stage of litigation.

[¶43] With respect to the timeliness of the motion to substitute, Trefren Construction argues that the district court measured the delay in its filing of the motion to substitute from the wrong date. We agree. Rule 17(a) requires that an action not be dismissed "until a reasonable time has been allowed ***after objection***" for substitution of the real party in interest. W.R.C.P. 17(a) (emphasis added). The court thus erred in measuring the delay from the date the action was originally filed, rather than from the date on which Defendants made their real party in interest objection. Defendants made that objection with the filing of their motion to dismiss on November 20, 2015. Trefren Construction responded with a motion to substitute the real party in interest on November 23, 2015, a delay of three days. The properly-measured delay of three days was not unreasonable.

[¶44] With respect to whether the mistake in naming the plaintiff was an honest mistake, Trefren Construction submitted the affidavit of Timothy R. Trefren. Through that affidavit, Timothy R. Trefren attested that when the action was originally filed, it was his understanding that his father had operated Trefren Construction as a corporation and that he believed it was still a corporation at the time the complaint was filed. He further stated that based on that belief, he told the attorney who prepared and filed the complaint that the business was operated as a corporation. In Defendants' opposition to the motion to substitute, they argued they had been ambushed by the late-hour change in Trefren Construction's business status, but they offered no evidence in support of that claim and no evidence to show some type of tactical maneuvering by Trefren Construction. The

14

district court made no findings concerning Trefren Construction's motivation, but we are satisfied, based on the only evidence on the question, that the mistake in identifying Trefren Construction as a corporation was an honest mistake.

[¶45]  With respect to the final factor, whether the substitution will prejudice Defendants, the district court stated in general terms that substitution was not in the interests of justice, but it made no specific findings of prejudice.  Defendants argue they are prejudiced because with the change in business status and substitution of parties, the action amounts to an entirely new action, with new defenses and counterclaims they may assert and new discovery that will be required.  We are not persuaded.

[¶46]  In most particulars, the case remains much the same with the substitution of the Estate as the named plaintiff: the same fact witnesses; the same contracts; the same project; the same work completed; the same alleged defects in the work; and the same payments made and not made.  To the extent Defendants make a showing that additional discovery is required, the district court has the discretion to rule on a request for additional discovery.  Likewise, if Defendants are able to show a factual basis for additional counterclaims and affirmative defenses, the district court has the discretion to rule on a motion to amend Defendants' pleadings.  The alleged prejudice is not sufficient to justify denial of the motion to substitute. *See Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (finding no tangible prejudice in Rule 17(a) joinder where defendant was given opportunity to conduct discovery on possible defenses to joined parties' claims).

[¶47]  Under these circumstances, we conclude that the district court abused its discretion under Rule 17(a) when it denied Trefren Construction's motion to substitute the Estate as the real party in interest.  Having concluded that the substitution should have been permitted under Rule 17(a), we need not address the court's Rule 15 and Rule 25 rulings.

B.    **Summary Judgment on Contract Enforceability**

[¶48]  After ruling that the complaint had to be dismissed because it was not brought in the name of the real party in interest, the district court made an additional ruling that Defendants were entitled to judgment as a matter of law because the parties' contracts were voidable.  The court summarized its findings in support of that ruling as follows:

> Trefren Construction Company held itself out as a corporate entity.  It entered into contracts with Defendants as a corporate entity.  No such corporate entity exists.  In fact, as a corporate entity, Trefren Construction has been defunct since 2003.  Because the corporation was defunct and could not be revived at the time the Parties executed their contracts, Plaintiff perpetrated a material misrepresentation upon

15

Defendants and prevented a meeting of the minds. As a result, the Parties' contract is voidable.

[¶49]  The district court also made the following findings in support of its summary judgment ruling:

> There is nothing in the evidence to suggest that Trefren Construction Co. held itself out as anything but a corporation. * * *  Trefren Construction Co. operated like a corporation and represented itself as a corporation. Of significance is [the] fact that Plaintiff has never denied that it represented itself as a corporation.

[¶50]  Rule 56 allows entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." W.R.C.P. 56(c) (LexisNexis 2015). We have also said:

> The party requesting summary judgment bears the initial burden of establishing a prima facie case that no genuine issue of material fact exists and that summary judgment should be granted as a matter of law. W.R.C.P. 56(c); *Throckmartin v. Century 21 Top Realty*, 2010 WY 23, ¶ 12, 226 P.3d 793, 798 (Wyo.2010). Until the movant has made a prima facie showing that there are no genuine issues of material fact, the non-movant has no obligation to respond to the motion with materials beyond the pleadings. *Id*.

*Amos*, ¶ 15, 359 P.3d at 958 (quoting *Johnson v. Dale C. and Helen W. Johnson Family Revocable Trust*, 2015 WY 42, ¶¶ 12–15, 345 P.3d 883, 886–87 (Wyo. 2015)).

[¶51]  The most fundamental flaw in the district court's ruling is that Defendants did not move for summary judgment on the ground that the parties' contracts were voidable and they submitted no evidence on that question. Indeed, Defendants had asserted no such claim in their answer, affirmative defenses, or counterclaims. That this claim had not been made prior to the district court's entry of summary judgment is clear from Defendants' opposition to Trefren Construction's motion to substitute. Defendants asserted in that opposition that had they known the case was being brought by a sole proprietorship, they would have approached the case differently and would have "looked closely" at claims of misrepresentation and "perhaps fraud in the inducement of the contract." Defendants also stated "they would have considered filing a motion for summary judgment based on what they perceive as misrepresentations concerning Mr.

16

Trefren's statements concerning the status of a corporation and his inducement of the contract."

[¶52] Plainly, Trefren Construction had no notice that a claim that the parties' contracts were voidable would be considered by the district court as a basis for entering an order of summary judgment in favor of Defendants. Moreover, since Defendants had made no prima facie showing that the parties' contracts were voidable, Trefren Construction was under no obligation to submit evidence on the question. Most particularly, Trefren Construction had no opportunity or reason to submit evidence defending against the allegation that it represented itself as a corporation during contract negotiations. The district court's summary judgment ruling that the contracts were voidable was thus procedurally infirm and unsupported by a showing of undisputed material facts.[7]

## CONCLUSION

[¶53] We conclude that the district court erred in dismissing the complaint for lack of subject matter jurisdiction, and in so ruling, we overrule our prior decisions holding that the real party in interest requirement is jurisdictional. We further conclude that the district court abused its discretion in denying Trefren Construction's motion to substitute and erred in granting summary judgment to Defendants on the enforceability of the parties' contract claims. We reverse and remand for proceedings in accordance with these holdings.

---

[7] The parties' contracts appear to be the only evidence on which the district court relied in making its ruling. In that regard, it is notable that while the complaint identified Trefren Construction as a Wyoming corporation, there was nothing in the parties' contracts that expressly identified Trefren Construction as a Wyoming corporation.

17